**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*,

Plaintiffs,

v.

The Cigna Group,

Defendant.

Case No. 1:24-cv-05926

Hon. Manish S. Shah

**THE CIGNA GROUP'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS


INTRODUCTION ..... 1

ARGUMENT ..... 2

I. PLAINTIFFS' ERISA § 502(A)(1)(B) CLAIM SHOULD BE DISMISSED. ..... 2

A. Plaintiffs Still Fail to Allege a Breach of Plan Terms. ..... 2

B. Plaintiffs Failed to Exhaust Administrative Remedies, and No Exceptions Apply. ..... 4

II. PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTY ALSO FAILS. ..... 6

A. There Are No Facts or Plausible Inferences Showing That Cigna Sought to Intentionally Disadvantage or Deceive Plaintiffs. ..... 6

B. Plaintiffs' 502(a)(3) Claim Is Duplicative and Should Be Dismissed. ..... 8

III. THE CIGNA GROUP IS NOT THE PROPER DEFENDANT. ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. GreatBanc Tr. Co.*,
835 F.3d 670 (7th Cir. 2016) ....7

*Baker v. Kingsley*,
387 F.3d 649 (7th Cir. 2004) ....7

*Brosted v. Unum Life Ins. Co. of Am.*,
421 F.3d 459 (7th Cir. 2005) ....8

*Cent. States, Se. & Sw. Areas Pension Fund v. Howard Baer, Inc.*,
753 F. Supp. 241 (N.D. Ill. 1991) ....6

*Day v. Humana Ins. Co.*,
335 F.R.D. 181 (N.D. Ill. 2020) ....8

*Griffin v. Teamcare*,
909 F.3d 842 (7th Cir. 2018) ....8

*McCutchan v. Coriant Operations, Inc.*,
2021 WL 83734 (N.D. Ill. Jan. 11, 2021) ....5

*McKenna v. CNA Fin. Corp.*,
2019 WL 13470228 (N.D. Ill. Jan. 14, 2019) ....4

*Med. Alls., LLC v. Am. Med. Sec.*,
144 F. Supp. 2d 979 (N.D. Ill. 2001) ....6

*Miller v. Fortis Benefits Ins. Co.*,
475 F.3d 516 (3d Cir. 2007) ....4

*N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*,
163 F.3d 449 (7th Cir. 1998) ....2

*Pierce v. FLSmidth, Inc.*,
2021 WL 3502463 (C.D. Ill. Aug. 9, 2021) ....5

*Svigos v. Wheaton Sec., Inc.*,
2018 WL 587190 (N.D. Ill. Jan. 29, 2018) ....2, 8

*Tompkins v. Cent. Laborers' Pension Fund*,
712 F.3d 995 (7th Cir. 2013) ....7

*Vallone v. CNA Fin. Corp.*,
375 F.3d 623 (7th Cir. 2004) ....................6, 7

**Statutes**

ERISA § 502(a)(1)(B).................... *passim*

ERISA § 502(a)(3)....................8

ERISA § 503....................4

**Other Authorities**

Fed. R. Civ. P. 12....................1, 4

## INTRODUCTION[1]

As Cigna explained in its opening brief, for their ERISA claims to survive Rule 12, Plaintiffs must allege (i) how Cigna's alleged acts breached the terms of Plaintiffs' Plan, (ii) that Plaintiffs exhausted their administrative remedies or had a valid excuse not to do so, and (iii) that Cigna breached a fiduciary duty by adjudicating Plaintiffs' out-of-network claims at the more generous, in-network level. Because Plaintiffs' Opposition confirms that the Complaint did not allege any of these three things, the Complaint should be dismissed.

First, Plaintiffs argue that they did not need to plead which plan terms were breached for their ERISA § 502(a)(1)(B) claim to survive a motion to dismiss, but they are wrong on the law. Just as important, while Plaintiffs now try to argue in their Opposition that their plan protected them from balance billing, the actual terms of Plaintiffs' plan clearly state the opposite, and Plaintiffs do not point to anywhere in the Plan that requires Cigna to reimburse a member for a balance bill issued by a provider on either an in-network or out-of-network basis.

Second, Plaintiffs do not dispute that they failed to follow the internal appeals procedure that their Plan requires. Instead, Plaintiffs argue that they should be excused from exhausting their administrative remedies because they lacked meaningful access to appeal or that appealing was somehow futile. But the very documents Plaintiffs attached to the Complaint, such as the EOBs, explained to Plaintiffs how and when to appeal, which the law makes clear means that Plaintiffs did have meaningful access to appeal. Likewise, Plaintiffs' unsuccessful calls to customer service are not enough to show that an appeal would have been futile. Thus, Plaintiffs were required to appeal, and their failure to do so is an independent basis to dismiss their claim.

[1] All defined terms have the meaning Cigna's opening brief provided them. (Dkt. No. 16, the "Motion" or "Mot.") References to "Opposition" or "Opp." refer to Plaintiffs' Response in Opposition of Cigna's Motion to Dismiss Plaintiffs' Complaint (Dkt. No. 25).

Third, Plaintiffs do not dispute that the Seventh Circuit requires a plan member pursuing an ERISA breach of fiduciary duty claim based on a miscommunication of benefits to plead an intent to deceive or disadvantage. But their Opposition does not explain how Cigna could have had this intent when Cigna adjudicated at the richer, in-network level. At most, Plaintiffs plead a mistake, but court after court in this Circuit have found this is not enough to plead a breach of fiduciary duty.

## ARGUMENT

### I. PLAINTIFFS' ERISA § 502(A)(1)(B) CLAIM SHOULD BE DISMISSED.

#### A. Plaintiffs Still Fail to Allege a Breach of Plan Terms.

Cigna's Motion explained that Plaintiffs' ERISA § 502(a)(1)(B) claim fails because Plaintiffs did not allege Plan terms that Cigna breached, and even taken at face value, Plaintiffs' allegations do not show how Cigna paid less benefits than the Plan entitled them to receive.

Plaintiffs' Opposition tries to respond to these arguments by arguing that Plaintiffs did not need to identify the Plan terms that Cigna allegedly breached because they attached their entire Plan booklet as an exhibit to the Complaint, citing to *Svigos v. Wheaton Securities, Inc.*, 2018 WL 587190 (N.D. Ill. Jan. 29, 2018). The problem with this backdoor tactic is that Plaintiffs' theory is ***inconsistent*** with the terms of their Plan, so their allegations, unlike the plaintiffs' allegations in *Svigos*, cannot be credited. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

For example, Plaintiffs argue in their Opposition that the Plan terms "require [Cigna] to pay 80% of in-network treatment costs, leaving plan beneficiaries responsible for 20%," and because Plaintiffs' provider charged them more than 20% of what it charged the Plan, they allege the Plan terms were breached. (Opp. at 7.) But Plaintiffs don't quote the Plan to support this

argument, nor could they, because the Plan does not actually say Cigna is responsible for 80% of the "cost." Instead, these percentages refer to the co-insurance that the Plan and the member are responsible for after the member satisfies their co-pay and deductibles. (Compl., Ex. A at 13–14.) These cost-share amounts are calculated based on the "allowed amount," which is the amount the Plan ***covers*** for a given service, not what the provider ***charges***. (*Id.* at 13–14, 31.) The allowed amount is usually far less than a provider's billed charges, and the difference between the provider's billed charges and the allowed amount is called a "balance bill." (*Id.* at 14–15.) As the allegations in the Complaint make clear, the balance bill is what Plaintiffs challenge, not the 80%/20% co-insurance split, so the argument in Plaintiffs' Opposition is not only wrong but also irrelevant.

Plaintff's other argument is that Cigna breached the Plan because Cigna and the Hospital did not agree whether the Hospital was in- or out-of-network, with the provider claiming they were out-of-network and balance billing Plaintiffs. As Cigna explained in its Motion, if Cigna made a mistake and the provider was out-of-network, Plaintiffs are no worse off because they received the benefits to which they were entitled. In their Opposition, Plaintiffs disagree and argue that if their claims been adjudicated as out-of-network, Plaintiffs "should not have been responsible for more than 20% of the cost" because emergency claims are enhanced to the in-network benefit level. But again, Plaintiffs misunderstand the Plan. Plaintiffs are right that for out-of-network emergency claims, the Plan says that "[t]he member is responsible for applicable In-Network ***cost-sharing*** amounts (any deductible, copay or coinsurance)." (*Id.* at 14 (emphasis added).) But the Plan also says that "[t]he member is also responsible for all charges that may be made in excess of the allowable amount." (*Id.*) This is the balance bill. Thus, Plaintiffs are wrong and received the same benefits they would have received if their claims had been adjudicated as out-of-network.

Plaintiffs do not explain how Cigna adjudicated their claims incorrectly if the Hospital was in-network either. If that were the case, it would be the Hospital that incorrectly balance-billed the member, and despite Cigna raising this point in the Motion, Plaintiffs fail to point to anything in the Plan that requires Cigna to reimburse a member for an in-network provider's balance bill.

Plaintiffs have therefore failed to identify any breach of the Plan terms, so their ERISA § 502(a)(1)(B) claim fails. *See McKenna v. CNA Fin. Corp.*, 2019 WL 13470228, at *2 (N.D. Ill. Jan. 14, 2019) (denying claim where plaintiff attached plan documents but made no allegations about what benefits were denied by plan administrator).

### B. Plaintiffs Failed to Exhaust Administrative Remedies, and No Exceptions Apply.

Plaintiffs concede that they did not appeal and therefore they did not exhaust their administrative remedies, and they do not dispute that this issue is ripe for Rule 12 dismissal. Plaintiffs offer two arguments for the Court to excuse their failure to exhaust their Plan's administrative remedies, but neither argument has merit.

First, despite admitting that their Plan had an appeals procedure, Plaintiffs argue that they lacked meaningful access because the appeals procedure is "designed for review of Defendant's adjudication of a claim" and that they were unable to appeal because there was "no denial of benefits[.]" (Opp. at 9.) Plaintiffs cite no authority to support this argument,[2] and not surprisingly the case law goes the other way. *See, e.g.*, *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 521 (3d Cir. 2007) (finding an adverse benefit determination because "[l]ike a denial, an underpayment

---

[2] Plaintiffs attempt to distinguish the Department of Labor's definition of an adverse benefit determination, which Cigna cited in its Motion and clearly covers Plaintiffs' claim, by arguing it is superseded by the language in ERISA § 503. Plaintiffs ignore, however, that the preamble to Section 503 specifically says this provision is to be read "in accordance with regulations ***of the Secretary [of Labor].***" (emphasis added). In any event, Plaintiffs cite absolutely no authority that only denials, as opposed to underpayments or other disputed benefits determinations, need to be appealed, and Cigna's appellate procedure clearly covers any disputed benefits determination. *See infra* at 5.

is adverse to the beneficiary and therefore repudiates his rights under a plan."). More importantly, however, Plaintiffs' argument makes no sense. As Cigna explained in its Motion, Plaintiffs cannot have it both ways. They cannot assert a Section 502(a)(1)(B) claim for failure to pay plan benefits, and then argue that their claim could not have been appealed because it is not an adverse benefits determination.

In any event, to answer Plaintiffs' rhetorical question posed in their Opposition, if there "was no denial of benefits . . . what would the [Plaintiffs] have appealed?" Plaintiffs should have appealed that Cigna incorrectly determined that the provider was in-network when it was out-of-network and Plaintiffs were being balance-billed. Indeed, that is the exact issue that Plaintiffs identified for customer service orally, but did not appeal in writing. (Opp. at 10 (seeking a "review and explanation of why there is a discrepancy between Defendant's determination that the services were in-network, the payment amounts reflected on the EOBs, and the balance amount that Edward is demanding that the [Plaintiffs] pay.").) Thus, this is precisely the kind of benefit determination that should have been appealed, and highlights why the exhaustion requirement exists at all. (Mot at 10 (citing *Pierce v. FLSmidth, Inc.,* 2021 WL 3502463, at *4 (C.D. Ill. Aug. 9, 2021)).)

Second, Plaintiffs argue that it would have been futile to engage in the Plan's appeals process because Plaintiffs "communicated extensively with Defendant's customer service representatives" without any relief on their claims. (Opp. at 10–11.) But the case law makes clear that merely talking to customer service is not enough to show futility when a formal appeal is required. *See McCutchan v. Coriant Operations, Inc.*, 2021 WL 83734, at *3 (N.D. Ill. Jan. 11, 2021) (explaining that exceptions to the exhaustion requirement do not apply when plaintiff "merely alleges that he had communications . . . outside the proper administrative review process and that those communications were not fruitful"). In fact, plans like Plaintiffs' have a formal

internal appeals process to address precisely the situation that Plaintiffs describe, when a plan member remains unsatisfied with how customer service representatives handled their inquiry. (Compl. Ex. A, at 62–63.)

The one case Plaintiffs rely on, *Central States, Southeast & Southwest Areas Pension Fund v. Howard Baer, Inc.*, 753 F. Supp. 241 (N.D. Ill. 1991), does not say anything different. There, the court found that an employer established futility as a ***counterclaim*** plaintiff when it sought to recoup overpayments after a health and welfare fund had sued the employer for underpayments during the same time period. The court found that by filing a lawsuit, the fund made clear that it had already reached a conclusion that the employer was not entitled to a refund, and any appeal would have been futile. *Id.* at 245. This is nothing like the facts here, and therefore *Central States* is inapposite.

Thus, because Plaintiffs have failed to show an excuse for their failure to exhaust administrative remedies, their Section 502(a)(1)(B) claim should be dismissed on this independent basis. *See Med. Alls., LLC v. Am. Med. Sec.,* 144 F. Supp. 2d 979, 983 (N.D. Ill. 2001) (granting motion to dismiss where plaintiff failed to allege facts sufficient to excuse any failure to exhaust administrative remedies).

## II. PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTY ALSO FAILS.

### A. There Are No Facts or Plausible Inferences Showing That Cigna Sought to Intentionally Disadvantage or Deceive Plaintiffs.

Plaintiffs do not dispute that to state an ERISA breach of fiduciary duty claim premised on a miscommunication, Plaintiffs must plead that Cigna "set out to disadvantage or deceive its employees . . . in order for a breach of fiduciary duty to be made out." (*See* Mot. at 11 (citing *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 642 (7th Cir. 2004)).) Instead, Plaintiffs try to downplay this standard by arguing it is not an onerous one because an "ERISA plaintiff alleging breach of

fiduciary duty does not need to plead details to which she has no access, as long as the facts alleged tell ***a plausible story***." (Opp. at 11–12 (emphasis added) (citing *Allen v. GreatBanc Trust Co*., 835 F.3d 670, 678 (7th Cir. 2016) (finding that while plaintiffs do not need to "describe [the fiduciary breach] directly," they must at least plead "facts indirectly showing unlawful behavior")).) But Plaintiffs have not pled a "plausible story" showing Cigna's intent to disadvantage or deceive Plaintiffs.

As Cigna explained in its opening brief, if Cigna was wrong and the Hospital was out-of-network, Cigna provided Plaintiffs with ***more*** benefits by adjudicating the claim as in-network than they were entitled to, so there is no plausible inference that Cigna was trying to disadvantage or deceive Plaintiffs. (Mot. at 11–12.) Plaintiffs argue that the Court can infer that Cigna intended to disadvantage or deceive them because Cigna was "aware that the Plaintiffs had been improperly billed by" the Hospital, that the Hospital made statements "directly" to Cigna's representatives about its network status, and that this dispute was not resolved. (Opp. at 12.) But these allegations say nothing about Cigna's intent vis-à-vis Plaintiffs, only that Cigna had a disagreement with the Hospital about its network status. Nor do Plaintiffs plead facts showing Cigna's statements were even false, let alone that Cigna believed or should have known its own statements were false.

At most, Plaintiffs pleaded facts indicating that there may have been a mistake as to the understanding of the Hospital's network status, which Plaintiffs did not appeal and was not resolved. But again, the Seventh Circuit has found that negligence alone in this context is not actionable. (Mot. at 11 (citing *Vallone*, 375 F.3d at 642; *Tompkins v. Cent. Laborers' Pension Fund*, 712 F.3d 995, 1002–03 (7th Cir. 2013))); *see also Baker v. Kingsley*, 387 F.3d 649, 662 (7th Cir. 2004) (dismissing fiduciary duty claim because there was no "well-pleaded allegation of intent to deceive the plan participants"). Plaintiffs' ERISA breach of fiduciary duty claim should

therefore be dismissed. (Mot. at 12 (citing *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 466 (7th Cir. 2005) (dismissing Section 502(a)(3) claim based on mistake of amount of benefits due and misstatements where plaintiff did not plead intent to deceive)).)

### B. Plaintiffs' 502(a)(3) Claim Is Duplicative and Should Be Dismissed.

Plaintiffs do not dispute that the Seventh Circuit has held that a plaintiff cannot pursue both Section 502(a)(1)(B) and 502(a)(3) claims if the two claims seek the same relief or are based on the same allegations. (Mot. at 12 (citing *Griffin v. Teamcare,* 909 F.3d 842, 846 (7th Cir. 2018).)) But Plaintiffs argue that even if their claims are identical and duplicative, they may be pleaded in the alternative. Plaintiffs are wrong. As even the case that Plaintiffs cite, *Day v. Humana Insurance Company*, 335 F.R.D. 181 (N.D. Ill. 2020), explained, while a plaintiff may simultaneously pursue a Section 502(a)(3) and Section 502(a)(1)(B) claims when the "facts alleged in support of each claim appear to be distinct," courts routinely dismiss a duplicative Section 502(a)(3) claim. *Id.* at 196. Plaintiffs' Opposition confirms that their Section 502(a)(3) claim falls into the latter category, as Plaintiffs do not dispute that they premise both their Section 502(a)(3) and Section 502(a)(1)(B) claims on identical facts and any remedies available to Plaintiffs for these claims would exist under Section 502(a)(1)(B), rendering the Section 502(a)(3) claim duplicative.[3] (Mot. at 13.) Thus, Plaintiffs' Section 502(a)(3) claim should be dismissed.

## III. THE CIGNA GROUP IS NOT THE PROPER DEFENDANT.

Because Plaintiffs cannot dispute that The Cigna Group was not the proper defendant for their ERISA claims, they request leave to amend the Complaint to name the proper defendant.

---

[3] To be sure, Plaintiffs drop a footnote saying they "dispute that the claims are wholly duplicative," but they do not even try to explain how these claims are distinct. Instead, they again cite to *Svigos*, where the fiduciary duty claim was allowed to proceed because the plaintiffs there sought additional injunctive relief for the breach of fiduciary duty claim beyond recovery of benefits, but Plaintiffs do not do that here.

While Cigna does not oppose Plaintiffs' limited request for leave to amend the named defendant, such amendment would be futile because of all the other pleading defects in the Complaint.

## CONCLUSION

For the reasons discussed above and in its opening brief, Cigna respectfully requests that the Court dismiss the Complaint.

Dated: October 25, 2024

Respectfully submitted,

By: */s/ Warren Haskel*

Joshua B. Simon*
Warren Haskel*
Richard W. Nicholson, Jr.*
Cindy D. Ham*
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
jsimon@mwe.com
whaskel@mwe.com
rnicholson@mwe.com
cham@mwe.com

*Admitted *Pro Hac Vice*

Daniel R. Campbell (IL Bar No. 6312473)
Emilie E. O'Toole (IL Bar No. 6330228)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
eotoole@mwe.com

*Attorneys for Defendant The Cigna Group*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notice of the filing to counsel of record.

*/s/ Warren Haskel*
Warren Haskel