**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-cv-05926 |
| v. | ) ) ) | Hon. Manish S. Shah |
| Cigna Health and Life Insurance Company, | ) ) | |
| Defendant. | ) ) ) | |

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**</u>

After more than a year of litigation, a round of motion to dismiss briefing, targeted

discovery, and a full-day mediation, Plaintiffs Andrew Hecht and Andrea Hecht ("Plaintiffs" or

"Class Representatives") respectfully move the Court for preliminary approval of the Class

Settlement entered into between Plaintiffs and Defendant Cigna Health and Life Insurance

Company ("Defendant" or "Cigna") in this matter.[1] This Settlement will fully resolve this action,

and provide significant benefits to Settlement Class Members.

Under the terms of the proposed Settlement, Defendant has agreed to create a

$5,712,152.03[2] constructive common fund, which consists of injunctive relief benefits, common

fund benefits from which Settlement Class Members who file timely and valid Claim Forms will

receive a cash award, Class Representative Incentive Awards, and attorneys fees and costs. The

Settlement is the result of serious, informed, and arm's-length negotiations led by experienced

---

[1] Any undefined capitalized terms have the meaning attributed to them in the Parties' Class Action Settlement Agreement and Release ("Agmt."), attached as Exhibit 1.

[2] This amount contains a monetary component that may vary depending on the number of Settlement Class Members who submit valid Claim Forms.

1

counsel and is a result of zealous advocacy by counsel for all parties, as well as the Class Representatives.

Plaintiffs respectfully seek preliminary approval of the Settlement and approval to send notice to the Class describing the Settlement and providing an opportunity to submit a claim, opt-out, object, or otherwise be heard. The Settlement satisfies all criteria for preliminary approval.

# I. OVERVIEW OF PLAINTIFFS' CLAIMS AND THE LITIGATION

## A. Plaintiffs' Allegations

Plaintiff Andrew Hecht is a participant in a health plan self-funded by his employer, Document Technologies, LLC d/b/a Epiq ("Epiq"). (Dkt. 37 ¶¶ 16, 18.) Plaintiff Andrea Hecht and the Hechts' sons are beneficiaries under the same plan, which is called LocalPlus (the "Plan"). Cigna provides various administrative services to self-funded plans like Plaintiffs' Epiq plan, including claims administration and access to Cigna's provider networks. (*Id.*)

Plaintiffs allege that in September 2021, Plaintiff Andrew Hecht and his son received treatment at Edward-Elmhurst Hospital (the "Hospital"). (*Id.* ¶¶ 22, 24.) On or about October 23, 2021, Plaintiffs received bills from the Hospital reflecting that it considered itself to be out-of-network for the Plan. (*Id.* ¶ 27.) Cigna, however, issued Explanations of Benefits ("EOBs") statements to Plaintiff that identified the Hospital as in-network, applying Plaintiffs' in-network cost-share. (*Id.*)

When Plaintiffs received a balance bill from the Hospital, they engaged in multiple conversations with both the Hospital, which continued to insist it was out-of-network, and Cigna, which maintained that the Hospital was in-network. (*Id.* ¶¶ 28–29, 35.) Plaintiffs allege that they paid the Hospital the amounts they would have owed had the services been treated as in-network. (*Id.* ¶ 32.) The Hospital nonetheless sought the remaining balance, placed the debt in collections,

and Plaintiffs' credit was harmed. (*Id.* ¶¶ 37, 44.)

### B. The Claim and Defenses at Issue

Plaintiffs' sole claim is under ERISA § 502(a)(3) for breach of fiduciary duty, which seeks equitable relief. The elements of an ERISA breach of fiduciary claim are (1) the defendant must be a fiduciary with respect to the plan at issue; (2) the defendant breached its fiduciary duties of loyalty, prudence, and care; and (3) the breaches caused harm. *See Allen v. GreatBanc Trust Co.,* 835 F.3d 670, 678 (7th Cir. 2016).

Defendant denies and disputes that it engaged in any improper or illegal conduct. *See* generally Settlement Agreement (Ex. 1) at p. 2. Moreover, as further explained *infra* Sec. IV.B Defendant asserts that it has many defenses that could defeat Plaintiff's ability to certify a class or establish liability and/or damages for the Class (as defined below) and Plaintiffs' individual claim if this case were not to settle, including for the following reasons: (1) Cigna was at all times acting in good faith when it determined benefit payments for members of the Class and the system error was due to an honest mistake that ultimately benefited the vast majority of class members; and (2) Plaintiffs would face insurmountable hurdles to certify a litigation class due to, among other things: (i) the necessity for individualized inquiries on a number of issues including whether any particular plan member was harmed by Cigna's practices; and (ii) likely difficulties managing a class action given the aforementioned variances and individualized inquiries required to litigate each Class member's claim.

### C. The Litigation, Discovery, and Mediation

On July 12, 2024, Plaintiffs filed their complaint (Dkt. 1) and, after an agreed-upon extension of time to respond to the Complaint, Cigna filed its Motion to Dismiss for failure to state a claim. (Dkt. 15). On October 15, 2024, Plaintiffs served their First Requests for

Production, First Requests for Admission, and First Set of Interrogatories on Cigna. That same day, Cigna served its First Requests for Production and First Set of Interrogatories on Plaintiffs.

On December 13, 2024, Plaintiffs served their responses and objections to Cigna's first sets of interrogatories and requests for production, and also produced responsive documents. That same day, Cigna served its responses and objections to Plaintiffs' first set of interrogatories, requests for production, and requests for admission, and produced responsive documents. The Parties then proceeded to conduct several meet-and-confers on discovery issues.

On February 27, 2025, this Court granted Defendant's motion to dismiss as to Plaintiffs' ERISA § 502(a)(1)(B) claim, but denied the motion as to Plaintiffs' ERISA § 502(a)(3) claim. Pursuant to the Court's February 27 Order, on March 6, 2025, Plaintiffs amended their complaint by changing the Defendant's name from The Cigna Group to Cigna Health and Life Insurance Company. (Dkt. 37).

On March 19, 2025, Plaintiffs served their second requests for production and second set of interrogatories on Defendant. On March 27, 2025, Defendant filed its answer to Plaintiffs' First Amended Complaint. (Dkt. 40). On April 18, 2025, Defendant served its responses and objections to Plaintiffs' second requests for production and produced responsive documents.

The discovery produced by Defendants revealed that the miscommunication between Cigna and the Hospital with respect to Plaintiffs' claims was due to a coding error in Cigna's computer system(s), which error resulted in LocalPlus Plan participants receiving in-network EOBs for providers that were, in fact, out-of-network. In particular, Cigna has provided interrogatory responses stating as follows:

> Subject to and without waiver of the foregoing General and Specific Objections, Cigna states that after Plaintiffs filed this lawsuit, it performed an investigation of Plaintiffs' claims. In the course of that investigation, Cigna identified an error in its Plan Specs system that is used to incorporate the benefits selected by the Plan sponsors into

Proclaim, which caused certain claims from Open Access Plus providers that were not in the LocalPlus network to be processed as in network even though they should have been processed as out-of-network. Cigna then performed an additional review of other Plans for this error, and identified 10 other accounts with a plan and members affected by this error on its Proclaim system, and 8 accounts with a plan and members affected by this error on the Facets claims system.

(*See* Defs.' Resp. to Interrog. No. 26.)[3]  Defendant's records indicate that approximately [1,460] plan members and beneficiaries were affected by this coding error.

Defendants also contended, however, that it did not identify any complaints after a good faith search concerning this error other than the complaints lodged by the Hechts.  Furthermore, Defendant explained that, should the error be retroactively corrected by re-processing the claims subject to the error, the result would be that plan members would be worse off than they are currently, as re-processing the claims as out-of-network would result in these claimants potentially owing more in balance bill liability than they would ever have owed under the erroneously processed claims.  In other words, according to Cigna, very few claimants (and possibly none other than the Hechts) suffered any financial detriment as a result of the Plan Setup Error, and correcting the error would potentially cause far more harm to claimants impacted by the error than would maintaining the status quo.

Armed with the information exchanged in discovery, and in an attempt to explore the potential for resolution of this matter, the parties engaged in extensive arm's length negotiations concerning potential settlement, and on August 5, 2025, the parties participated in a mediation led by the Honorable James Holderman (Ret.), a mediator at JAMS, and former chief judge of the Northern District of Illinois. The parties ultimately reached an agreement in principle at the mediation.

---

[3] This coding error is referred to herein, and also in the Settlement Agreement, as the "Plan Setup Error."

In particular, the parties agreed that Cigna would not reprocess the claims impacted by the error—saving claimants approximately $4.6M in potential balance bill liability—and that Cigna would establish a fund of $300,000 to pay the claims of plan members and beneficiaries who did, in fact, receive a balance bill from their medical provider in connection with an impacted claim. Based upon the discovery conducted in this action, as well as Plaintiffs' Counsel's independent investigation of the relevant facts and applicable law, Plaintiffs' counsel believes that the settlement terms are fair, reasonable, adequate, and in the best interest of the Settlement Class.

After the mediation, the parties worked together to finalize and memorialize a comprehensive set of settlement documents, which are embodied in the Settlement Agreement and the exhibits attached thereto, and are being contemporaneously submitted herewith.

## II.     The Settlement Terms

### A.     The Settlement Class

The Settlement Class is defined as "All persons covered by health benefits pursuant to a LocalPlus Plan for which Defendant provided administrative services and who underwent treatment and received an Explanation of Benefits from Defendant indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system." *See* Agmt. ¶1.40.

### B.     Constructive Common Fund

The parties agreed to settlement on both injunctive and monetary terms, which together comprise a Constructive Fund. The Constructive Fund consists of (a) injunctive relief, (b) monetary benefits, and (c) incentive payments and attorneys fees and costs. With respect to

injunctive relief, Cigna has agreed to (1) refrain from reprocessing the claims that were improperly categorized as in-network in Cigna's system to out-of-network, as such reprocessing would increase the potential balance bill liability for settlement class members in the amount of $4,642,152; and (2) correct the system error that resulted in the improper network categorization.

As for the monetary benefits, Cigna shall be responsible for paying up to $300,000.00 to compensate Settlement Class Members who in fact received a balance bill from their medical provider and submit a valid Claim Form for their damages incurred. *Id.* ¶2.1. Based on the information received in discovery, the parties believe that few, if any, plan members and beneficiaries (other than the Hechts) received a balance bill and otherwise suffered harm as a result of Cigna's coding error, and therefore, the $300,000 monetary fund should be more than sufficient to compensate Settlement Class Members that were harmed by the error. In the unlikely event that the total amount of Claims exceeds $300,000, then the monetary benefit payable to each claimant shall be reduced pro rata, divided proportionately among Claimants based on the size of their Claims, such that Defendants' maximum liability under the Settlement Agreement for Claims shall not exceed the $300,000 in the aggregate. *Id.*

As for attorneys fees and incentive payments, Plaintiffs' Counsel will seek, as reflected in the Settlement Agreement, $750,000 in attorneys' fees, and $20,000 in incentive payments to the Plaintiffs ($10,000 for each Plaintiff.)

### C.  The Class Notice Plan

The Settlement Agreement provides a comprehensive program for providing Notice to the Settlement Class, through the Parties' chosen Settlement Administrator. First, The Settlement Administrator will directly notify, via first-class mail, all Settlement Class Members of the Settlement at the last known mailing address in Cigna's records. *See id*. ¶5.5. For members

of the Settlement Class for whom an email address exists in Cigna's records, the Settlement Administrator shall email the Mailed Notice in addition to sending the Notice via first-class mail.

The Class Notice includes, but is not limited to, the following information: (1) a plain and concise description of the nature of the Action and the proposed Settlement, (2) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, (3) specifics on the date, time and place of the final approval hearing, and (4) information regarding Class Counsel's fee application and the Class Representatives' incentive awards. *See id*. at ¶5, Exs. B-C.

### D. <u>Opportunity to Opt-Out, or Object and Appear at Hearing</u>

Settlement Class Members will be permitted to exclude themselves from the Settlement or object to the Settlement no later than sixty (60) days after the Notice Date. *See id*. ¶6.1

### E. <u>Scope of Release</u>

Settlement Class Members are releasing Cigna (and related entities) from any and all claims which have been or could have been asserted against Cigna by any member of the Settlement Class arising out of or relating to health benefits that were processed as In-Network as opposed to Out-of-Network due to the Plan Setup Error, and that could have been brought in the Action, against any of the Released Parties. *See id*. ¶¶1.33-1.34.

### F. <u>Attorneys' Fees, Litigation Costs, and a Service Award</u>

Class Counsel will seek an award of attorneys' fees and reimbursement of reasonable costs and expenses incurred in relation to the investigation and litigation in an amount not to exceed $750,000, which is being paid as part of the constructive common fund. *See id*. ¶4.1 Class Counsel will also seek Incentive Awards for each Class Representative, in an amount not to exceed $10,000 for each Class Representative, in recognition of their efforts in this litigation.

*See id*. ¶4.1.

Negotiations on these terms were only commenced with the assistance of Hon. James Holderman (Ret.) after the parties reached agreement on all other material terms in the Agreement. (*See* Declarations of M. Jaszczuk and M. Peterson, attached as Exhibit 2.)

## III.    Legal Standard

"The Seventh Circuit has recognized the 'overriding public interest in favor of settlements' in the class action context[.]" *Roberts v. Graphic Packaging Int'l, LLC*, No. 3:21-cv-00750-DWD, 2024 WL 3373780, at *3 (S.D. Ill. July 11, 2024) (citations omitted).

Pursuant to Rule 23(e), a class action settlement must be approved by a presiding court before it can become effective. Court approval proceeds in two stages: (1) preliminary approval of the proposed settlement and direction of notice to the class; and (2) a final approval hearing, at which the Court considers arguments concerning the fairness, adequacy, and reasonableness of the proposed settlement. *See Manual for Complex Litigation (Fourth)* § 21.63 (2004).

At the outset, the Court determines whether the proposed settlement is "within the range of possible approval with regard to the criteria set forth in Rule 23(e)(2)," but does not "conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards[.]" *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) (citations omitted). Unless the Court's initial examination reveals "obvious deficiencies," the Court should preliminarily approve the settlement and order notice to class members. *See* 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:13 (6th ed. 2024).

Rule 23(e) provides that a court may approve a settlement upon finding "it is fair, reasonable, and adequate," after consideration of the following:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

After the Court makes a preliminary fairness determination under 23(e), it must then conditionally certify a class for purposes of the Settlement under Rule 23(a) and "at least one of the subsections of 23(b)." *Hollins v. Church Church Hittle + Antrim*, No. 2:20-cv-305-JD, 2023 WL 4397769, at *3-6 (N.D. Ind. July 7, 2023) (granting preliminary approving and holding that "certification is likely appropriate under Fed. R. Civ. P. 23(a) and (b)(3)").

## IV.    Argument

### A.    <u>Plaintiffs and their Counsel zealously represented the Class.</u>

Under the first Rule 23(e)(2) factor, courts consider whether the class representatives and class counsel will adequately represent the class. *See* Fed. R. Civ. P. 23(e)(2). The court's analysis tracks the adequacy requirement under Rule 23(a)(4). *See O'Connor v. Uber Techs., Inc.*, Nos. 13-cv-03826, 15-cv-00262, 2019 WL 1437101, at *6 (N.D. Cal. Mar. 29, 2019). In this regard, courts consider: (1) whether class representatives are "part of the class and possess the same interest and suffer the same injury as the class members;" (2) if class representatives "have some commitment to the case, so that the 'representative' in a class action is not a fictive concept;" and (3) "the competency and conflicts of class counsel." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 343-44 (N.D. Ill. 2010) (citations omitted).

For preliminary class certification and settlement purposes, all prongs have been satisfied

here. Each Class Representative received an EOB that incorrectly stated that a claim was in network, when in reality, it was out of network. *In re Herff Jones Data Breach Litig.*, No. 1:21-cv-1329-TWP-DLP, 2022 WL 474696, at *2 (S.D. Ind. Jan. 12, 2022) (class representatives adequate where they sought to maximize recovery from data breach impacting the entire class).

Each Class Representative has shown commitment to this case by staying actively informed of the litigation and providing information to counsel. (Ex. 2, Peterson Decl., ¶8-9.) Plaintiffs are sufficiently aware of the importance and responsibility of their role as Class Representatives and have overseen and participated in the pre-filing investigation, discovery and settlement.

Class Counsel litigated this case zealously and are more than adequate. The Settlement was reached after extensive investigation, over a year of litigation, and thorough discovery of the issues in this Action. In addition to pre-suit investigation, Class Counsel served initial requests for production, requests for admission, and interrogatories concerning their individual claims, and met and conferred with Cigna regarding their responses and document productions. (Peterson Decl., ¶5.) Following the Court's partial denial of Cigna's Motion to Dismiss (Count II), Plaintiffs engaged in additional discovery with another set of interrogatories and requests for production, concerning Rule 23 considerations, class size, and damages. (*Id.*) Prior to mediation, Plaintiffs' Counsel's work crystallized the relevant facts in the case, enabling them to effectively value the parties' respective positions and verify the fairness, adequacy, and reasonableness of the Settlement.

In sum, "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2).

**B.** **The Settlement is the result of arm's-length negotiation by experienced counsel and is informed by targeted discovery.**

The second Rule 23(e)(2) factor is whether the proposal was negotiated at arm's length. An arm's-length negotiation is a "truly adversarial bargaining process," the best evidence of which is the "presence of a neutral third-party mediator." *T.K. Through Leshore v. Bytedance Tech. Co.*, No. 19-cv-7915, 2022 WL 888943, at *11 (N.D. Ill. Mar. 25, 2022) (citation omitted). Courts also consider other "indicia of an arm's length adversarial process" including "confirmatory discovery" and a "vigorous factual and legal defense." *See In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d at 934 (granting settlement approval where the history of the case showed "a vigorously negotiated settlement reached in good faith").

This factor weighs in favor of approval. First, Plaintiffs have engaged in extensive, targeted discovery. This included pre-suit investigation, two sets of requests for production, two sets of interrogatories, and a set of requests for admission, and several meet and confers. In addition, the parties exchanged additional discovery materials in preparation for the successful mediation. (*See id*. ¶¶ 4-5.) The discovery allowed Plaintiffs to understand Cigna's computer systems and the error that occurred, and assess the risks involved in continuing the litigation.

Second, the Settlement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions. The Parties held a full-day mediation with the Hon. James Holderman (Ret.) of JAMS. This adversarial process resulted in an agreement in principle to resolve this action, which the parties thoroughly considered and ultimately agreed to on August 5, 2025. In short, the parties' process in reaching a Settlement has all the hallmarks of the arm's-length negotiation required by Rule 23(e)(2). *See, e.g.*, *Charvat v. Valente*, No. 12-cv-05746, 2019 WL 5576932, at *5 (N.D. Ill. Oct. 28, 2019) (finding the parties engaged in an arm's length negotiation by attending "a full day of mediation that, after initially failing to result in a settlement, finally jumpstarted negotiations");

*Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 133, at *5 (N.D. Ill. Sept. 20, 2018) ("The

negotiations were supported by a robust investigation before commencement of the Lawsuit; the

production and review of confidential documents during ... discovery; and extensive legal and

factual research on the issues in the case.").

C.     **The Settlement represents a strong result for the Class, particularly given the substantial risks and challenges the Class faces.**

The third Rule 23(e)(2) factor requires a showing that the Settlement provides adequate

relief, taking into account "the costs, risk, and delay of trial and appeal." *See* Fed. R. Civ. P.

23(e)(2)(C). That is the case here, as the Settlement provides substantial relief to the Class.

Taking into account the significant risks of continued litigation, and the relatively early posture

of the action, settlement presents the best option for providing the Settlement Class with a fair

recovery.

If Plaintiffs sought greater relief through further litigation, "all that is certain is that

plaintiffs would have spent a large amount of time, money and effort." *Seiden v. Nicholson*, 72

F.R.D. 201, 208 (N.D. Ill. 1976). The significant and immediate benefits achieved by the

Settlement avoids the risks, uncertainties, and delays of continued litigation.

In contrast, if the Actions were to continue, Plaintiffs and the Settlement Class would

face a number of challenges.  For example, Defendant has asserted that the error at issue was a

good faith mistake (*see, e.g.,* Dkt. 40, p. 19), and that the Seventh Circuit has held that "while

there is a duty to provide accurate information under ERISA, negligence in fulfilling that duty is

not actionable. That is why the employer must have set out to disadvantage or deceive its

employees . . . in order for a breach of fiduciary duty to be made out." *Vallone v. CNA Fin.

Corp.*, 375 F.3d 623, 642 (7th Cir. 2004) (citation omitted); *Tompkins v. Cent. Laborers'

Pension Fund*, 712 F.3d 995, 1002–03 (7th Cir. 2013) (same).

Additionally, class certification always carries its own set of risks, and in this case, Defendants have asserted that Plaintiffs' experience with respect to Cigna's system error is not typical of that of other Class Members, resulting in individualized issues of liability that will predominate over common questions. *See LD v. United Behav. Health, Inc*., 2025 WL 1753516, *12 (N.D. Cal. Feb. 6, 2025) ("[T]he affirmative evidence suggests that a majority of the class received no balance bill, and were not injured" and as a result "plaintiffs have simply not proven their case that classwide injury exists."); *In re Asacol Antitrust Litig*., 907 F.3d 42, 53–54 (1st Cir. 2018) (predominance cannot be met in "a case in which any class member may be uninjured, and there are apparently thousands who in fact suffered no injury" because "[t]he need to identify those individuals will predominate and render an adjudication unmanageable absent evidence such as the unrebutted affidavits . . . or some other mechanism that can manageably remove uninjured persons from the class in a manner that protects the parties' rights.").

Moreover, even if Plaintiffs prevailed on liability, issues regarding loss would have remained. *See* Restatement (Third) of Trusts, § 100 cmt. (b)(1) (determination of losses in breach of fiduciary duty cases is "difficult"). At a minimum, continuing the litigation would have resulted in complex and costly proceedings and significantly delayed any relief to the Settlement Class. ERISA cases such as this can extend up to a decade before final resolution, sometimes going through multiple appeals.[4] The duration of these cases is, in part, a function of their complexity, which further weighs in favor of the Settlement. *See Abbott v. Lockheed Martin Corp*., 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015) (noting that ERISA cases are

---

[4] *See, e.g., Spano v. Boeing Co*., 2016 WL 3791123, at *1, 4 (N.D. Ill. Mar. 31, 2016) (9 years); *Abbott v. Lockheed Martin Corp*., 2015 WL 4398475, at *1 (S.D. Ill. July 17, 2015) (8.5 years); *Beesley v. Int'l Paper Co*., No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) (more than 7 years).

"particularly complex"); *Koerner v. Copenhaver*, 2014 WL 5544051, at *4 (C.D. Ill. Nov. 3, 2014) ("The facts giving rise to Plaintiffs' claims are complicated, require the elucidation of experts, and are far from certain.").

None of this is to say that Plaintiffs lack confidence in their claim. However, given the risks and costs of litigation, it was reasonable for Plaintiffs to reach a settlement on these terms. *See Schulte*, 805 F. Supp. 2d at 582-83; *accord Seiden*, 72 F.R.D. at 208 ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of money, time, and effort."). Indeed, even assuming Plaintiffs are successful in establishing the elements of class certification, and establish Cigna's liability, injured Settlement Class Members would be unlikely to recover more than what they will receive under the terms of the proposed settlement.

In short, given the risks of continued litigation, settlement is by far the preferable option at this juncture.

> **D.** **The effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing claims.**

Rule 23(e)(2)(C)(ii) requires the Court to consider the "effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). The proposed method of distributing relief is fair, reasonable, and straightforward. As an initial matter, the error in Cigna's system will be corrected going forward, and moreover, Cigna has committed to not reprocessing affected claims, which has the immediate impact of preventing Class Members from being subject to over $4M in potential balance bill liability.

Additionally, with respect to monetary relief, Settlement Class Members will have their settlement distribution sent to them by check after submitting a valid claim form. *See Agrm*.

¶2.2) This method of distribution is effective, reduces risk of fraudulent claims, and efficient.

**E.      Class Counsel's request for attorneys' fees is in line with Seventh Circuit standards.**

Rule 23(e)(2)(C)(iii) requires the Court to consider "the terms of any proposed award of attorney's fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(C)(iii). Cigna  has agreed to pay the amount awarded by the Court for attorneys' fees and costs , up to $750,000, in addition to, and not part of or subject to, the cap on the Settlement Agreement.. *See Agrm*., ¶4.1. This amounts to 16.16% of the $4,642,152.03 in injunctive relief benefits conferred on the class (or 13.91% if the denominator includes both the monetary benefit to class members and attorneys' fees). 16.16% is well below the 33% that is typically awarded in ERISA cases.  *See Bell v. Pension Comm. of ATH Holding Co*., 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019).

Class Counsel will file their motion for attorneys' fees and expenses in advance of the opt-out and objection deadline, and it will be available on the Settlement Website after it is filed. Class Members will thus have an opportunity to comment or object under Rule 23(h).

**F.      There are no undisclosed side agreements.**

Rule 23(e)(3) requires the parties to "file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). Here, there are none.

**G.      The Settlement treats Settlement Class Members equitably.**

Rule 23(e)(2)(D) instructs the Court to consider whether the settlement agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Under this Rule, courts also consider service awards. *See, e.g., Zhu v. Wanrong Trading Corp.*, No. 18-cv-417, 2024 WL 4351357, at *9 (E.D.N.Y. Sept. 30, 2024) (approving service awards of $10,000 and $20,000 under Rule 23(e)(2)(D)).

Here, Settlement Class Members are treated equitably in that (1) each Settlement Class

Member will receive the benefit of Cigna's agreement not to reprocess the affected claims; and (2) each Settlement Class Member will have the opportunity to receive compensation if they received a balance bill. *See Agrm.*, ¶¶ 2.1, 2.3. As for service awards, each Class Representative will be entitled to seek a service award of up to $10,000, in acknowledgement of each individual's time and effort expended on the case, as well as the inherent risks of representing a class. Service awards of this amount are typical within the Seventh Circuit. *See, e.g.*, *Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 WL 1730995, at *2 (N.D. Ill. May 1, 2017) (approving service award of $10,000 to named plaintiff); *see also Young v. Rolling in the Dough, Inc.*, No. 1:17-cv-07825, 2020 WL 969616, at *7 (N.D. Ill. Feb. 27, 2020) (approving service award of $10,000 for named plaintiff); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-cv-10447, 2016 WL 7018566, at *2 (N.D. Ill. Nov. 29, 2016) (approving service awards of $12,500 to each named plaintiff).

### H. Conditional Certification of the Settlement is Appropriate

Plaintiffs respectfully submit that the Court can certify the class for settlement purposes. *See* Fed. R. Civ. P. 23(e)(1)(ii). Class certification is governed by Rule 23(a) and Rule 23(b), at least one subsection of which must be satisfied. The general standards for class certification for purposes of litigation apply to class certification for settlement, except that the court need not consider potential trial management problems. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Plaintiffs satisfy Rule 23(a)'s four requirements.

### 1. Plaintiffs satisfy the four Federal Rule of Civil Procedure 23(a) prongs.

#### a. Numerosity (Fed. R. Civ. P. 23(a)(1))

The first of Rule 23(a)'s prerequisites is that any proposed "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic

number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement." *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) (citation omitted). Here, Cigna estimates that there are roughly 1,460 individuals in the Settlement Class. Accordingly, the Settlement Class is sufficiently numerous to satisfy Rule 23(a)(1).

### b. Commonality (Fed. R. Civ. P. 23(a)(2))

Rule 23(a)(2) requires that there is at least one question "of law or fact common to the class," such that the answer to that question is "apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345, 350 (2011). Plaintiffs do not, however, need to show that they ultimately will prevail before a jury: "Rule 23 allows certification of classes that are fated to lose as well as classes that are sure to win." *Schleicher v. Wendt*, 618 F.3d 679, 686 (7th Cir. 2010); *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (same). As such, "[a] common nucleus of operative fact is usually enough to satisfy" Rule 23(a)(2). *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

In this case, Plaintiffs' and each Settlement Class Member's claims are based upon the common application of one federal statute, ERISA, 29 U. S. C. § 1001, *et seq.*. Moreover, questions of law or fact common to the Settlement Class include, among others: (1) whether Cigna was a plan fiduciary with respect to the Plan; (2) whether Cigna breached its fiduciary duties by failing to correctly adjudicate Class Members' claims as out-of-network instead of in-network; (3) whether those breaches caused injury to the class (*e.g.*, confusion regarding balance billing); and (4) what forms of equitable relief can redress that harm. Accordingly, for preliminary class certification and settlement purposes, the commonality requirement is satisfied.

### c. Typicality (Fed. R. Civ. P. 23(a)(3))

The third requirement for class certification is that "the claims . . . of the representative

parties [be] typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596-97 (7th Cir. 1993). Typicality is satisfied if the class representatives' claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and [their] claims are based on the same legal theory." *Kramer v. Am. Bank & Tr. Co.*, No. 11-cv-8758, 2017 WL 1196965, at *6 (N.D. Ill. Mar. 31, 2017) (citation omitted). Typicality "should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Here, Plaintiffs and Settlement Class members were all subject to the same coding error in Cigna's claims processing system. Moreover, Plaintiffs' claims are typical of the Settlement Class Members because they are based on the same legal theories and share a common injury due to Defendant's alleged violation of ERISA. As such, for preliminary class certification and settlement purposes, Rule 23(a)(3) is satisfied.

### d. Adequacy of Representation (Fed. R. Civ. P. 23(a)(4))

Class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Plaintiffs have no antagonistic interests in relation to other Settlement Class Members since each had a miscoded claim processed by Cigna. Thus, Plaintiffs are sufficiently interested in the outcome of this case to ensure their vigorous advocacy. Plaintiffs are not subject to unique defenses and they and their counsel have prosecuted and will continue to vigorously prosecute this case on behalf of the Settlement Class. Plaintiffs' interests align with those of the other Settlement Class Members.

In addition, Jaszczuk P.C. and Consumer Law Advocate, PLLC are active practitioners with substantial experience litigating complex class actions. (*See* Ex. 2, Jaszczuk Decl., ¶¶3-4; Peterson Decl., ¶¶ 3-4.) Thus, for preliminary class certification and settlement purposes, Plaintiffs and their counsel fairly and adequately represent the Settlement Class.

### 2. The requirements of Rule 23(b)(3) are satisfied

Certification is appropriate under Rule 23(b) when common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. *See* Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 594. These requirements are satisfied in this case.

### a. Common questions of law or fact predominate

In analyzing predominance, the Supreme Court has defined this inquiry as establishing "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. This is satisfied when "common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication." *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 815 (7th Cir. 2012) (citation omitted). Class certification may be "proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).

Common questions represent a significant aspect of this case. Several case-dispositive questions could be resolved identically for all members of the Settlement Class, such as whether Cigna breached its fiduciary duty. Accordingly, for preliminary class certification and settlement purposes, this prong of Rule 23(b)(3) is satisfied.

### b. Class resolution is superior to alternatives

The superiority inquiry considers whether a class action is superior to many individual actions. Fed. R. Civ. P. 23(b)(3). The second prong of Rule 23(b) is satisfied by the proposed Settlement. First, each Class member's individual damages, while significant to them, are not substantial enough to justify the costs of an entire lawsuit. *See Carnegie v. Household Int'l., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("The *realistic* alternative to a class action is not 17 million individual suits, but zero individual suits . . . ."). This suffices to establish superiority in class actions. *See, e.g.*, *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (noting that class resolution is superior when "aggregating . . . relatively paltry potential recoveries"). Additionally, as explained in *Amchem*, when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620. Thus, any manageability problems that may have existed in this case are eliminated by the proposed Settlement.

## V.     The Proposed Notice Plan Complies with Rule 23 and Due Process

After preliminary approval, Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The notice should inform members of the Settlement Class of the terms of the proposed Settlement and of the opportunity to present their own views on the Settlement. *See Manual for Complex Litigation* § 21.633 (4th ed. 2024). "Additionally, Rule 23(e) mandates that notice of compromise of a class action must 'be given to all members of the class in such manner as the court directs.'" *Mangone v. First USA Bank*, 206 F.R.D. 222, 231 (S.D. Ill. 2001). But neither Rule 23 nor due process require "actual notice to all class members," which sometimes "might be *impossible*." *Mullins v. Direct Digit., LLC*, 795 F.3d 654, 665 (7th Cir. 2015).

Here, the Class Notice meets all the requirements of Rule 23(c)(2)(B) by advising Settlement Class Members of the nature of the claims involved in the case; the essential terms of the Settlement, including the definition of the Settlement Class, the class claims and issues involved in the Action, and the method of distribution of settlement proceeds; the rights of the Settlement Class Members to enter an appearance through an attorney if so desired; the rights of Settlement Class Members to participate in the Settlement, to request exclusion from the Settlement Class or to object to the Settlement, and specifics on the dates and how to exercise these rights; the requirements for opting out, for objecting, and for making an appearance at the Final Approval Hearing; the time and location of the Final Approval Hearing; and the binding effect of a class judgment on members. (Agmt., at Exs. B, C, and D.) Thus, the Class Notice provides the necessary information for Settlement Class Members to make an informed decision regarding the proposed Settlement. The Class Notice also contains information regarding the anticipated amount of Class Counsel's requests for attorneys' fees and costs, and service awards for the Class Representatives.

Moreover, the proposed Notice plan proposes to notify Settlement Class Members of the Settlement by first class mail and email, where available, based on Defendant's records. (*See* Ex. 1, ¶5). Thus, Settlement Class Members will be identified from Defendant's records and receive individual notice where practicable. (*See id.*)

Settlement Class Members will have 60 days from the Settlement Notice Date to submit a claim (*id.*, ¶1.9), and 60 days to object or opt-out of the Settlement. (*See id.* ¶¶6.1, 7.1). The Settlement Administrator will add Class Counsel's motion for attorneys' fees and incentive payments to the Settlement Website. (*Id.* ¶5.)

Accordingly, the form and manner of Notice proposed here satisfies Rule 23's

requirements and due process, and Plaintiffs respectfully request that the Court approve the proposed Notice Plan.

## VI.  Scheduling and Final Approval Hearing

The next steps in the settlement approval process are to notify Settlement Class Members of the Settlement and permit them to file claims, opt-out, or object, and then hold a Final Approval Hearing. To those ends, the Parties propose the following schedule:

| Event | Date |
|---|---|
| Settlement Notice Date | 30 days after issuance of Preliminary Approval |
| Last day for Plaintiffs and Class Counsel to file motion for attorneys' fees, expenses, and service awards | 14 days before the Opt-Out/Objection Deadline |
| Opt-Out Deadline/Objection Deadline | 60 days after Settlement Notice Date |
| Last day for Settlement Class Members to file Claims Forms (excluding time set forth in the Settlement to correct errors or omissions) | 60 days after Settlement Notice Date |
| Last day for Parties to file any motions for final approval, including any responses to objections | 14 days before Final Approval Hearing |
| Final Approval Hearing | No earlier than 120 days after the Settlement Notice Date, or as soon thereafter as practicable |

## IX. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (1) granting preliminary approval of the proposed Settlement; (2) appointing Plaintiffs as Class Representatives of the Settlement Class; (3) appointing Jaszczuk P.C. and Consumer Law Advocate, PLLC as Class Counsel; (4) approving the Parties' proposed Notice Plan, including the proposed forms of notice, and directing that notice be disseminated pursuant to such Notice Plan and Fed. R. Civ. P. 23(c) and (e)(1); (5) appointing Angeion as Settlement Administrator and directing it to carry out the duties and responsibilities of the Settlement Administrator

specified in the Settlement; (6) setting deadlines for Settlement Class Members to request exclusion from the Settlement, object to the Settlement, and submit claims for payment; and (7) scheduling a Final Approval Hearing and certain other dates in connection with the final approval of the Settlement pursuant to Fed. R. Civ. P. 23(e)(2).

Dated: October 3, 2025                              Respectfully submitted,

*/s/ Matthew T. Peterson*
Matthew Peterson
Consumer Law Advocate, PLLC
230 E. Ohio St., Suite 410
Chicago, IL 60611
Tel: (815) 999-9130
mtp@lawsforconsumers.com
ARDC No. 6321290

Martin W. Jaszczuk
Margaret M. Schuchardt
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, Illinois  60606
Tel: (312) 442-0509
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com

***Attorneys for Plaintiffs***

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Plaintiffs Andrew Hecht and Andrea Hecht, on behalf of themselves and all other Settlement Class Members (as defined below), by and through Plaintiffs' Counsel, and defendant Cigna (as defined below) (collectively, the "Parties").[1] The Parties intend this Agreement to resolve, discharge and settle the Released Claims, fully, finally and forever according to the terms and conditions set forth below.

## RECITALS

**WHEREAS**, Plaintiffs Andrew Hecht and Andrea Hecht filed a putative class action complaint, on behalf of themselves and the putative class, against Cigna, styled as *Hecht, et al. v. Cigna Health & Life Ins. Co.*, Case No. 1:24-cv-05926, in the U.S. District Court for the Northern District of Illinois, Eastern Division, on July 12, 2024 (the "Action");

**WHEREAS**, the Court granted Cigna's motion to dismiss the complaint in part on February 27, 2025, dismissing Plaintiffs' ERISA § 502(a)(1)(B) claim but not dismissing Plaintiffs' ERISA § 502(a)(3) breach of fiduciary duty claim;

**WHEREAS**, the putative class action complaint has been amended once, on March 6, 2025;

**WHEREAS**, the First Amended Complaint is the operative complaint (the "Complaint") in the Action;

**WHEREAS**, Plaintiffs alleged in the Complaint, *inter alia*, that Cigna failed to remedy a dispute with a provider over whether the provider was In-Network for Plaintiffs' health benefit

---

[1]  Unless indicated otherwise, capitalized terms used herein shall have the meaning in Section 1, titled "Defined Terms."

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

claims, allegedly causing Plaintiffs to incur financial and other harm from a Balance Bill in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA").

**WHEREAS**, discovery and Cigna's subsequent investigation of the Plaintiffs' claims revealed a Plan Setup Error, which caused Affected Health Benefit Claims that should have been processed as Out-of-Network, as their Plans required, to be processed as In-Network;

**WHEREAS**, except for those members of Plans with the Plan Setup Error who received a Balance Bill, like the Plaintiffs, Settlement Class Members financially benefited from having the Affected Health Benefit Claims treated as In-Network instead of Out-of-Network, because they did not receive a Balance Bill and did not owe Balance Bill Liability;

**WHEREAS**, Cigna provided Plaintiffs with the Settlement Claims Data which contains a list of Affected Health Benefit Claims impacted by the Plan Setup Error;

**WHEREAS**, on August 5, 2025, the parties mediated before the Honorable James Holderman (Retired District Court Judge, U.S. District Court for the Northern District of Illinois), through which the parties agreed to a settlement of the Action as memorialized in this Agreement;

**WHEREAS**, Plaintiffs' Counsel investigated the facts and underlying events relating to the subject matter of the claims, have carefully analyzed the applicable legal principles, and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens and costs of further prosecution of their claims, and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, that the terms of the Agreement set forth herein are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class;

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

**WHEREAS**, Cigna denies and continues to deny each and every allegation of liability, wrongdoing and damages, and further denies that the Action may be properly maintained as a class action except for settlement purposes. Nonetheless, without admitting or conceding any liability or damages whatsoever, and without admitting any wrongdoing and without conceding the appropriateness of class treatment for claims asserted in any future complaint, Cigna has agreed to settle the Action on the terms and conditions set forth in this Agreement solely to avoid the substantial expense, inconvenience, burden and disruption of continued litigation;

**WHEREAS**, Plaintiffs' Counsel represent and warrant that they are fully authorized to enter into this Agreement on behalf of Plaintiffs; and

**WHEREAS**, it is agreed that this Agreement shall not be deemed or construed to be an admission, concession or evidence of any violation of any federal, state or local statute, regulation, rule or other law or principle of common law or equity or of any liability or wrongdoing whatsoever by Cigna, or any of the Released Parties, or of the truth or validity of any of the claims that Plaintiffs have asserted.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (for themselves and the Settlement Class Members) and Cigna, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Released Claims of the Settlement Class shall be finally and fully compromised, settled, and released, and the Action (as defined below) shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Agreement, as follows:

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

**TERMS OF THE AGREEMENT OF SETTLEMENT**

1. <u>Defined Terms</u>.

 1.1. "Action" means *Hecht, et al. v. Cigna Health & Life Ins. Co.*, Case No. 1:24-cv-05926 (N.D. Ill.) before the Hon. Manish S. Shah.

 1.2. "Affected Health Benefit Claim" is a health benefit claim that was identified by Cigna as having been affected by the Plan Setup Error, which caused certain health benefit claims to be incorrectly processed as In-Network instead of Out-of-Network.

 1.3. "Agreement" means this Settlement Agreement, inclusive of exhibits.

 1.4. "Attorney's Fee Award" means the attorneys' fees and expenses that may be awarded by the Court to the Plaintiffs' Counsel for their representation of Plaintiffs and the Settlement Class in the Action.

 1.5. "Balance Bill" means a bill for the difference between a provider's billed charge and the amount covered by the Settlement Class Member's Plan that was issued to a Settlement Class Member in connection with an Affected Health Benefit Claim.

 1.6. "Balance Bill Liability" means the balance bill liability owed by a Settlement Class Member to the extent a Settlement Class Member received a Balance Bill for an Affected Health Benefit Claim, as outlined in ¶2.1 of this Agreement.

 1.7. "Cigna" means defendant Cigna Health and Life Insurance Company, and each of its parents, subsidiaries, affiliates, officers, directors, employees, and agents.

 1.8. "Claim" means a claim for compensation as provided for under ¶2.1 of this Agreement by a Settlement Class Member or his, her, or its representative.

 1.9. "Claim Deadline" means (a) 60 days from the Notice Date subject to the terms set forth in ¶8 below.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

1.10.   "Claim Form" means the form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the Monetary Benefits described herein, which document shall be substantially in the form of Exhibit A hereto.

1.11.   "Claims Period" means the time period during which Settlement Class Members may submit Claim Forms in accordance with the Claims Process. The Claims Period shall begin on the Notice Date and end on the Claim Deadline.

1.12.   "Claims Process" means the process described in this Agreement and further agreed to by the Parties and the Settlement Administrator.

1.13.   "Court" means the U.S. District Court for the Northern District of Illinois, Eastern Division.

1.14.   "Effective Date" means the date upon which the Settlement embodied in this Agreement becomes effective, meaning the date on which the Judgment approving this Agreement, substantially in the form of Exhibit F to this Agreement, becomes Final as a matter of law.

1.15.   "Final" means when the last of the following with respect to the Judgment approving this Agreement, substantially in the form of Exhibit F attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Judgment without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the final determination of that motion or appeal such that no further judicial review or appeal is permitted, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement,

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

substantially in accordance with the terms and conditions of this Agreement. For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) an Attorneys' Fee Award or Incentive Award, or (ii) the procedures for validating Claims shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

      1.16.   "Final Approval Date" means the date on which the Court issues the Final Order and Judgment.

      1.17.   "Final Approval Hearing" means the hearing during which the Court will determine whether to enter the Final Order and Judgment.

      1.18.   "Final Order and Judgment" or "Judgment" means the order and form of judgment approving this Agreement and dismissing the Action with prejudice, which order and judgment shall be substantially in the form attached hereto as Exhibit F.

      1.19.   "Incentive Award" means the payment provided to Plaintiffs.

      1.20.   "In-Network" means that a provider has a contractual arrangement to be part of a Plan's network for the services rendered, which affects the amount of cost-share a Settlement Class Member would pay as well as the amount of reimbursement that the provider would be paid by the Plan.

      1.21.   "Monetary Benefit" means the cash available to a Claimant who files a Claim under this Agreement subject to the provisions of ¶2.1. The specific Monetary Benefit received is subject to review, validation, and adjustments by the Settlement Administrator based upon the terms and conditions of this Agreement.

6

1.22. "Notice" means the mailed notice program described in ¶5. The Mailed Notice will be in substantially the same form as the notice form in Exhibit B and the cover letter in Exhibit C.

1.23. "Notice and Administration Expenses" means all fees, expenses, and interest thereon incurred as a result of providing Notice to the Settlement Class and otherwise administering the Settlement.

1.24. "Notice Date" means the date the Notice in ¶5 is mailed.

1.25. "Out-of-Network" means that a provider does not have a contractual arrangement to be part of a Plan's network for the services rendered, which affects the amount of cost-share a Settlement Class Member would pay as well as the amount of reimbursement that the provider would be paid.

1.26. "Person" or "Persons" means all persons and entities (including, without limitation natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, governments, political subdivisions, governmental agencies and authorities, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns).

1.27. "Plaintiffs" means Andrew and Andrea Hecht, who are the named Plaintiffs in the Complaint.

1.28. "Plaintiffs' Counsel" means Consumer Law Advocate, PLLC and Jaszczuk P.C.

1.29. "Plan(s)" means a LocalPlus employee welfare benefit plan for which Defendant provided administrative services affected by the Plan Setup Error.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

1.30.   "Plan Setup Error" means the computer system error identified by Cigna that caused the Affected Health Benefit Claims to be treated as In-Network instead of Out-of-Network as required by their Plans.

1.31.   "Preliminary Approval Hearing" means the hearing during which the Court determines whether to enter the Preliminary Approval Order.

1.32.   "Preliminary Approval Order" means the preliminary approval order, in substantially the form attached hereto as Exhibit E, which contains provisions, *inter alia*, certifying the Settlement Class for settlement purposes only, preliminarily approving the terms and conditions of this Agreement, scheduling a Final Approval Hearing concerning the final approval of the Settlement, and directing that Notice of the proposed Settlement and Final Approval Hearing be provided to the Settlement Class.

1.33.   "Released Claims" means any and all claims, including any and all claims, rights, and liabilities of any nature, including, but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character whether arising out of federal or state law, whether past, present, or future, whether known, suspected to exist or unknown, whether asserted or unasserted, whether asserted by any Releasing Party either on its own behalf or on behalf of any other Person or on behalf of a Plan, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation (including but not limited to ERISA), by reason of, arising out of, or that are related to the Action, the Plan Setup Error or addressed in this Agreement, including, for the avoidance of doubt, health benefit claims that were processed as In-Network as opposed to Out-of-Network due to the Plan Setup Error, and that could have been brought in the Action, against any of the Released Parties. Released

8

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Claims do not include claims to enforce the Settlement. Released Claims includes the "Unknown Claims" as defined in ¶1.43.

1.34.   "Released Parties" means (i) Cigna and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies, employees, officers, directors, principals, and agents; and (ii) to the extent they do not take any action inconsistent with this Agreement, any Plan and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies, employees, officers, directors, principals, and agents.  For the avoidance of doubt, any Plan that takes action against a Settlement Class Member inconsistent with this Agreement shall not be entitled to any release under this Agreement.

1.35.   "Releasing Parties" means Plaintiffs and all Settlement Class Members who do not Opt Out of this Agreement pursuant to ¶6.1, including their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives, professional corporations, partnerships, members, assigns, and successors, but only to the extent their claims are derived from the claims of the Plaintiffs or Settlement Class Members and are related to the Plan Setup Error. For the avoidance of doubt, "Releasing Parties" includes Settlement Class Members whose claims were processed as In-Network as opposed to Out-of-Network due to the Plan Setup Error.

1.36.   "Settlement" means the resolution of Plaintiffs' and the Settlement Class's claims in the Action in accordance with the terms and provisions of this Agreement.

1.37.   "Settlement Administrator" means the entity appointed by the Court to perform the settlement administration duties described in this Agreement, including the dissemination of Notice and payment to Settlement Class Members. The Parties shall propose and

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

recommend to the Court that Angeion Group should serve as Settlement Administrator. Before being retained, the Settlement Administrator must sign Attachment A to the Qualified Protective Order entered in the Action (Dkt. 34).

1.38.  "Settlement Amount" means the monetary relief available to Settlement Class Members for payment of all Claims as determined by ¶2, which, in the aggregate, shall not exceed three hundred thousand dollars ($300,000). If the total amount of Claims exceeds the Settlement Amount, then the Monetary Benefit payable to each Claimant shall be reduced pro rata, divided proportionately among Claimants based on the size of their Claims, such that Defendants' maximum liability under this Agreement for Claims shall not exceed the Settlement Amount in the aggregate. The Settlement Amount, the Incentive Award, the Attorney's Fee Award, and Notice and Administration Expenses incurred by the Settlement Administrator represent the limit and extent of Defendants' monetary obligations under this Settlement.

1.39.  "Settlement Claims Data" is a worksheet containing relevant claims data prepared by Cigna and provided to and analyzed by Plaintiffs' counsel as part of the parties' settlement discussions, which reflects the amount of potential Balance Bill Liability for Settlement Class Members.

1.40.  "Settlement Class" means, collectively, all persons covered by health benefits pursuant to a LocalPlus Plan for which Defendant provided administrative services and who underwent treatment and received an Explanation of Benefits from Defendant indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system. Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

families; (3) any heirs, assigns, or successors of any of the persons or entities described in parts (1) and (2) of this paragraph; and (4) anyone who opts-out of the Settlement pursuant to ¶6.1 below.

     1.41.   "Settlement Class Member" means a Person who is a member of the Settlement Class.

     1.42.   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

     1.43.   "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Members do not know or suspect to exist in his or her favor at the time of the release of the Released Parties which, if known by him or her, might have affected his or her settlement with and release of the Released Parties or might have affected his or her decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Parties. With respect to any and all Released Claims, each of the Releasing Parties agree that they shall expressly waive and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Plaintiffs' Counsel shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

California Civil Code § 1542. The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the Released Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential term of the Settlement of which this release is a part.

2.        <u>Settlement Relief</u>.

2.1.    <u>Monetary Benefits</u>: Subject to the rights and limitations set forth in this Agreement, every Settlement Class Member shall have the right to submit a Claim for a Monetary Benefit. Submission of a Claim shall confer no rights or obligations on any Party, any Settlement Class Member, or any other Person, except as expressly provided herein. Settlement Class Members shall be entitled to a Monetary Benefit upon completion and submission to the Settlement Administrator of a Claim Form, substantially in the form of Exhibit A (subject to Court approval) that contains, among other things, the following information:

(a)        The Settlement Class Member's name and mailing address;

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

(b)     The Settlement Class Member's email address (unless the Settlement Class Member returns the claim form by mail, in which case an email address is optional);

(c)     The Settlement Class Member's Cigna ID number;

(d)     The amount of Monetary Benefit claimed by the Settlement Class Member, including one of the following:

(1)     (1)     Proof of payment of a Balance Bill for an Affected Health Benefit Claim, including any interest, penalties, or debt collection fees incurred in connection with the Balance Bill to the extent a Settlement Class Member has incurred and seeks to recover interest charges, debt collection fees, and penalties directly related to a Balance Bill; or  or

(2)     If the Balance Bill has not yet been paid, a signed affirmation that the Settlement Class Member will use the Monetary Benefit solely to satisfy their Balance Bill liability, including any applicable interest, penalties, or debt collection fees, by paying either (i) the healthcare provider or (ii) a debt collector or assignee who holds the Balance Bill, and the Settlement Class Member agrees to hold Cigna harmless for all liability arising from non-payment of the Balance Bill, including interest, debt collection fees, and penalties.

(e)     Each Settlement Class Member who provides the information described above will receive a Monetary Benefit from Cigna, subject to any pro rata reduction as described in ¶2.2h.

2.2.     <u>The Claim Process</u>: The Settlement Administrator, in consultation with and with the agreement of Cigna's Counsel and Plaintiffs' Counsel, shall be responsible for, without limitation:

(a)     Establishing a process through which Settlement Class Members may submit claims for relief pursuant to this Section;

(b)     Receiving and maintaining any correspondence from members of the Class regarding claims for relief under this Section;

13

(c)     Forwarding all completed Claim Forms to Cigna, Cigna Counsel's and Plaintiffs' Counsel; and

(d)     Performing any and all duties and tasks required to administer the process of receipt and processing of claims made by any Settlement Class Member pursuant to this Agreement.

(e)     The Parties further agree that neither the Parties, Plaintiffs' Counsel nor Cigna's Counsel will send any notice to members of the Class that is not approved by the Court or is outside the Court-approved notice program, unless otherwise agreed to by the Parties.

(f)     If a member of the Class contacts Cigna regarding receipt of a Balance Bill for an Affected Health Benefit Claim, Cigna shall direct any such member of the Class to the Settlement Administrator. Cigna shall not compensate any such Settlement Class Member except through the Claims Process.

(g)     Cigna will have the right to audit the Claim Forms. Cigna will provide Plaintiffs' Counsel with the results of any audit, as well as any claim file or other documentation related to the audit. Cigna's Counsel will meet and confer with Plaintiffs' Counsel regarding the results of any audit to determine whether and to what extent certain claimants should have their claims reduced or denied. Any disagreements between the Parties will be resolved by Hon. James Holderman of JAMS at Cigna's expense.

(h)     Cigna shall be responsible for paying on a claims-made basis the Settlement Amount, in an amount not to exceed three-hundred thousand dollars and zero cents ($300,000.00). If the total amount of Claims exceeds the Settlement Amount, then the Monetary Benefit payable to each Claimant shall be reduced pro rata, divided proportionately among Claimants based on the size of their Claims, such that Defendants' maximum liability under this

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Agreement for Claims shall not exceed the Settlement Amount in the aggregate. For the avoidance of doubt, the Settlement Amount, the Incentive Awards, Attorney's Fee Award, and the fees and expenses incurred by the Settlement Administrator represent the limit and extent of Defendant's monetary obligations under this Settlement.

(i)     Cigna shall be responsible for paying all fees and expenses incurred by the Settlement Administrator in administering Claims and performing the other tasks set forth in this Agreement. Such fees and expenses shall be in addition to, and not part of or subject to, the cap on the Settlement Amount.

(j)     The Settlement Administrator will identify all Claims satisfying the requirements of ¶2.1 and will notify Cigna and Plaintiffs' Counsel of the total amount owed. Cigna will provide the funds to the Settlement Administrator within twenty-one (21) days of the Effective Date or Cigna's receipt of a W-9 and ACH information from the Settlement Administrator to facilitate payment, whichever is later.   As soon as reasonably practicable, the Settlement Administrator will pay those Claims satisfying the requirements of ¶2.1 following the Effective Date.

2.3.    <u>Injunctive Relief</u>.

(a)     <u>Cigna's Agreement to Not Reprocess Affected Health Benefit Claims</u>: Cigna agrees to not reprocess Affected Health Benefit Claims from In-Network to Out-of-Network to correct the Plan Setup Error, which the parties recognize is a benefit to the Settlement Class, because such reprocessing would increase Settlement Class Members' potential Balance Bill Liability for the Affected Health Benefit Claims in the amounts set forth in the Settlement Claims Data.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

(b)      Cigna's Agreement to Correct the Plan Setup Error:  Cigna agrees to rectify the system error that caused the Plan Setup Error.

3.      Release, Covenant Not to Sue, Bar Order and Dismissal with Prejudice.

3.1.      Upon the Effective Date, for good and valuable consideration received from Cigna, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and all Settlement Class Members who do not Opt Out of this Agreement pursuant to ¶6.1, including their respective current and former heirs, executors, assigns, and successors, but only to the extent their claims are derived from the claims of the Releasing Parties, shall forever unconditionally, fully, and finally release, remise, relinquish, compromise, and discharge all Released Claims against any of the Released Parties, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

3.2.      Upon the Effective Date, for good and valuable consideration received from Plaintiffs and the Settlement Class Members (including the release set forth above), the receipt and sufficiency of which are hereby acknowledged, Cigna, including its current and former heirs, executors, assigns, and successors, but only to the extent their claims are derived from the claims of Cigna, shall forever unconditionally, fully, and finally release, remise, relinquish, compromise, and discharge all claims against Plaintiffs or Settlement Class Members arising out of the same facts, bases or transactions as are involved in the Released Claims and the Action, and Cigna will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting such claims against Plaintiffs or Settlement Class Members.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

3.3.    Plaintiffs (i) represent and warrant that they have not provided an assignment for any Released Claims, or (ii) to the extent permitted by law, hereby revoke any such assignment of any Released Claim provided prior to the execution of this Agreement.

3.4.    Plaintiffs agree and covenant not to sue or cooperate in the filing or prosecution of any suit or proceeding, in any forum based upon or related to any Released Claims against any Released Party.

3.5.    Notwithstanding any other provision of this Agreement, nothing in this Agreement shall limit or preclude the Releasing Parties' rights to enforce any provision of this Agreement.  To the extent it is not otherwise ordered by the Court, the Releasing Parties shall file a motion with the Court to request entry of a final judgment  within five (5) business days of the Effective Date, which shall constitute a final Judgment of the Releasing Parties' claims against the Released Parties on the merits to which the principles of res judicata shall apply to the fullest extent of the law as to the Released Parties.

3.6.    The Parties agree that Cigna shall suffer irreparable harm if Plaintiffs take action inconsistent with ¶3 and that in that event Cigna may seek an injunction from the Court as to such action without a further showing of irreparable harm and without the need to post any bond (or, if a bond is required by controlling law, without the need to post anything more than a nominal bond).

4.    <u>Attorneys' Fees and Costs and Lead Plaintiffs' Payments</u>.

4.1.    Plaintiffs' Counsel may submit an application or applications (the "Attorney's Fee Award and Incentive Award Application") for: (a) an Attorneys' Fee Award in connection with prosecuting the Action not to exceed a total of seven-hundred and fifty thousand dollars ($750,000); and (b) an Incentive Award of $10,000 each for Andrew and Andrea Hecht, or $20,000 total (collectively, the "Attorney's Fee Award and Incentive Award"). Any Attorneys'

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Fee Award and Incentive Award shall be subject to Court approval. Cigna shall pay any Attorneys' Fee Award and Incentive Award ordered by the Court, in addition to, and not part of or subject to, the cap on the Settlement Agreement.

4.2. Cigna's obligation to pay any Attorneys' Fee Award shall be limited to the seven-hundred and fifty thousand dollars ($750,000) set forth above, and Cigna shall be under no obligation to pay any amounts in excess of that amount.

4.3. Any Attorney's Fee Award and Incentive Award, as awarded by the Court, shall be paid to Plaintiffs' Counsel by Cigna, as ordered, within thirty (30) days of the Effective Date or receipt of a W-9 and ACH information from Plaintiffs' counsel, whichever is later. Plaintiffs' Counsel may thereafter allocate the Attorneys' Fees among Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

4.4. The procedure for and the allowance or disallowance by the Court of any applications for any Attorney's Fee Award and Incentive Award to be paid is not part of the Settlement set forth in this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement, and any order or proceeding relating to the Attorney's Fee Award and Incentive Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving this Agreement and the Settlement of the Action set forth therein.

4.5. Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

some claim thereto of any of the Attorney's Fee Award and Incentive Award that the Court may make in the Action.

5.    Notice to the Settlement Class.

5.1.    Reasonable Notice and Administration Expenses, as agreed to by the Parties, shall be paid by Cigna.

5.2.    Solely for the purpose of implementing this Agreement and effectuating the Settlement, the Parties stipulate that they will request the Court to appoint the Angeion Group as Settlement Administrator. Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator shall use its best efforts to provide notice to the Class as described in this Agreement, the Preliminary Approval Order, and as may be ordered by the Court.

5.3.    In accordance with ¶8.2 and ¶8.3, the Settlement Administrator shall send to each appropriate State and Federal official the materials specified in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, and otherwise comply with its terms.

5.4.    Components of Class Notice. Class Notice shall be accomplished through a combination of Mailed Notice, a Settlement Website, and other applicable forms of notice, each of which is described below, as specified in the Preliminary Approval Order and this Agreement and in order to comply with all applicable laws, including but not limited to, Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution, and any other applicable statute, law or rule.

5.5.    Mailed Notice. Beginning not later than thirty (30) days after Preliminary Approval, the Settlement Administrator shall send the Mailed Notice, substantially in the form attached hereto as Exhibit B and Exhibit C, by U.S. Mail, proper postage prepaid, to members of

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

the Settlement Class at the last known mailing address in Cigna's records. In addition, the Settlement Administrator shall send the Mailed Notice, substantially in the form attached hereto as Exhibit B and Exhibit C, by email to members of the Class for whom an email address exists in Cigna's records, which shall be supplied solely to the Settlement Administrator. In addition, the Settlement Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address and (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research such returned mail for better addresses and promptly mail copies of the applicable notice to any better addresses so found.

  5.6. <u>Settlement Website</u>. Prior to sending the first Mailed Notice, the Settlement Administrator shall establish a Settlement Website that will inform members of the Settlement Class of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a Long Form Notice, which shall be in substantially the same form as Exhibit D.

  5.7. <u>Toll-Free Telephone Number</u>. Prior to sending the first Mailed Notice, the Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to members of the Settlement Class.

  5.8. The Settlement Administrator may make appropriate modifications to the notice plan and Class Notice described in this Section and the Exhibits to this Agreement that have been approved by Cigna's Counsel, Plaintiffs' Counsel and the Court, and are consistent with Due Process and the terms of this Section. The Settlement Administrator may request the assistance of the Parties to facilitate Class Notice and to accomplish such other purposes as may be approved

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

by Cigna's Counsel and Plaintiffs' Counsel. The Parties shall reasonably cooperate with such requests.

5.9.    No notices of any kind shall be sent to members of the Settlement Class other than the Class Notice specified in this Agreement and any other notice agreed to by the Parties.

6.    Opt Outs.

6.1.    The Parties will request that the Court determine that the deadline for requesting exclusion from the Settlement Class ("Opt Out") be sixty (60) calendar days after the Notice Date ("Opt Out Deadline"). Putative Settlement Class Members have the right to exclude themselves or "Opt Out" from this Settlement and from the Settlement Class by timely submitting a request to Opt Out in accordance with the Opt Out procedure approved by the Court and outlined in the Notice. Persons who properly request to Opt Out shall be excluded from this Settlement and from the Settlement Class. Within five (5) days after receiving an Opt Out request, the Settlement Administrator shall furnish the Parties with a complete list of all proper Opt Out requests.

6.2.    If a potential Settlement Class Member files a request for exclusion, he or she may not file an objection under ¶7.1.

6.3.    A member of the Settlement Class may opt-out on an individual basis only. So-called "mass" or "class" Opt-Outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

6.4.    Any Person who does not properly request to Opt Out who would otherwise be considered a Settlement Class Member shall be deemed a Settlement Class Member and shall be bound by the terms of this Agreement and the Final Order and Judgment. Any Person who timely submits a request to Opt Out shall have until two (2) business days before the Final

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Approval Hearing to deliver to Plaintiffs' Counsel a written revocation of such request to Opt Out. Plaintiffs' Counsel shall timely apprise the Court of such revocations.

    7.   <u>Objections</u>.

    7.1.   Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed Settlement, the Attorneys' Fee Award or the Incentive Awards to Plaintiffs must deliver to Plaintiffs' Counsel and to Cigna's Counsel and file with the Court by the Objection Deadline—*i.e.*, 60 days after the Notice Deadline—a written statement of their objections.

    7.2.   An objection must include (1) the full name and current address and telephone number of the Settlement Class Member; (2) their Cigna ID number; (3) a detailed statement of each objection asserted; (4) the grounds for each objection; (5) all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; (7) a list of witnesses the Settlement Class Member intends to call; and (8) the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member. Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid. In addition, any Settlement Class Member objecting to the settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

7.3.    Any Settlement Class Member who files and serves a written objection, as described in the preceding Paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the Attorney's Fee Award and/or the Incentive Awards to Plaintiffs. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Counsel and Cigna's Counsel, and file said notice with the Court, on a date ordered by the Court.

7.4.    Any Settlement Class Member who fails to comply with the provisions of Paragraphs ¶7.2 or ¶7.3 above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, the Final Order and the Final Judgment in the Action. The exclusive means for any challenge to this Settlement shall be through the provisions of this Section. Without limiting the foregoing, any challenge to the Settlement, Final Approval Order or Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through any collateral attack.

7.5.    Any Settlement Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if this Agreement and the terms contained herein are approved, as long as the objecting Settlement Class Member complies with all requirements of this Agreement applicable to Settlement Class Members.

8.    <u>Preliminary Approval.</u>

8.1.    Plaintiffs' Counsel shall submit this Agreement together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit E attached hereto, requesting the Court's preliminary approval of the Agreement,

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

conditional certification of the Settlement Class, appointment of Plaintiffs' Counsel, approval of the Mailed Notice, substantially in the form of Exhibit B and Exhibit C attached hereto, and entry of the Preliminary Approval Order staying any activities in the Action, except for activities related to the approval of this Settlement. Until the Preliminary Approval Order is entered, the Parties, respectively, covenant and agree that they will not pursue any litigation proceedings against any other Party with respect to the Released Claims; and the Parties, respectively, shall not in any way subsequently argue that any other Party has failed to comply with its litigation obligations in any respect by reason of the suspension of litigation following the execution of this Agreement.

8.2.      After notice is given, Plaintiffs' Counsel shall apply for entry of the Final Order and Judgment, and shall request that the Court hold a Final Approval Hearing and approve the Settlement of the Action as set forth herein. Plaintiffs' Counsel shall request that the Final Approval Hearing be held not earlier than one hundred twenty (120) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") as set forth in ¶8.3 below. Prior to the Settlement Hearing, Plaintiffs' Counsel also will request that the Court approve the Incentive Awards and Attorney's Fee Award as defined in ¶4.

8.3.      Cigna, via the Settlement Administrator, shall, no later than ten (10) calendar days following the filing of this Agreement with the Court, serve upon the appropriate State official of each State in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. § 1715. All CAFA notice fees shall be paid for by Cigna.

8.4.      The Parties only agree to the conditional certification of the Settlement Class, the provisional designation of Plaintiffs' Counsel, and the provisional designation of

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Plaintiffs as representatives of the Settlement Class for the purpose of effectuating this Agreement. If this Agreement is terminated pursuant to its terms, or if the Effective Date does not occur for any reason, then the conditional certification of the Settlement Class and the provisional designation of Plaintiffs and Plaintiffs' Counsel shall be automatically vacated, and the Action shall proceed as though the Settlement Class had never been conditionally certified and as though the provisional designations of Plaintiffs and Plaintiffs' Counsel had not been made, without prejudice to Plaintiffs' right to file a motion to certify a class or classes and to seek appointment of class representatives and Plaintiffs' Counsel, and without prejudice to Cigna's right to assert any and all defenses to class certification and to Plaintiffs' claims, including, but not limited to, the propriety of a class or classes and/or the substantive allegations asserted by Plaintiffs and the putative class or classes. This provision survives termination of this Agreement.

9. <u>Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination.</u>

9.1. The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a) the Court has entered the Preliminary Approval Order;

(b) Cigna has not exercised its option to terminate the Agreement pursuant to ¶9.3 hereof;

(c) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit F attached hereto, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d) the Judgment has become Final, as defined in ¶1.15 hereof.

9.2. If the conditions specified in ¶9.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶9.4 hereof unless Plaintiffs' Counsel and counsel for Cigna mutually agree in writing to proceed with the Settlement.

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

9.3.     Cigna shall have the right to withdraw and terminate the Settlement and render it null and void in the event that 200 Persons who would otherwise be Settlement Class Members timely and validly Opt Out pursuant to ¶6.1. If Cigna chooses to terminate the Agreement, Cigna will deliver notice of the termination to the other Parties no later than five (5) calendar days prior to the Final Approval Hearing, or by such later date as shall be agreed upon in writing as between Plaintiffs' Counsel and Cigna's counsel.

9.4.     Each of the Parties shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so to all other parties hereto within thirty (30) calendar days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Agreement or any material part of it excluding ¶4.4; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court, Court of Appeals, or Supreme Court.

9.5.     In the event that this Agreement is not approved or this Agreement or the Settlement is terminated, cancelled, or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions as of the date upon which the final party signs this Settlement Agreement. In such event, the terms and provisions of the Agreement, with the exception of ¶1, to the extent a definition is incorporated in the following enumerated sections, ¶¶ 8.4, 9.4, 9.5, 10.6, and 10.12 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Attorney's Fee Award and/or the Incentive Award shall

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

operate to terminate or cancel this Agreement or constitute grounds for cancellation or termination of this Agreement.

      10.   <u>Miscellaneous Provisions</u>.

      10.1.   The Settlement Administrator will keep confidential from all persons, except as authorized in writing by a Settlement Class Member or as ordered by the Court, the identities of the Settlement Class Members and all other protected health information ("PHI"), as defined by 45 C.F.R. § 160.103 and applicable state laws, of the Settlement Class Members, which includes names, addresses, and any other personally identifiable information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context. The Settlement Administrator shall maintain a unique member identifier system so that it can communicate with Settlement Class Members, Plaintiffs' Counsel, Cigna, and Cigna's counsel to the extent needed to facilitate settlement administration. Any permitted disclosures of Settlement Class Member information under this Section or any other section of the Agreement shall be limited to the minimum necessary to satisfy the Agreement's requirements. Settlement Class Members who ask the Settlement Administrator for contact information for Plaintiffs' Counsel shall be provided such information and a form prepared by the Settlement Administrator through which the Settlement Class Member can authorize the Settlement Administrator to share his or her identity and/or PHI with Plaintiffs' Counsel to assist in answering questions or in facilitating the Settlement. Without limitation of the foregoing limitations and restrictions, Cigna's Counsel will ensure that the Settlement Administrator executes an agreement substantially in the form of Exhibit A to the protective order operative in this action, and all permitted disclosures of Settlement Class Members' information under this Settlement shall be subject to the additional protections governing PHI in that order, including that the Settlement Administrator does not divulge any PHI when providing Notice. Within sixty (60)

27

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

days after completion of all payments and related settlement administration by the Settlement Administrator, the Settlement Administrator shall destroy all records of Settlement Class Members and any PHI related to this Agreement and provide a written certification of same to Plaintiffs' Counsel and Cigna's counsel.

10.2.    The Parties shall not be liable for any delay or non-performance of their obligations under this Agreement arising from any act of God, governmental act, act of terrorism, war, fire, flood, earthquake, explosion, or civil commotion. The performance of the Parties' obligations under this Agreement, to the extent affected by such delay, shall be suspended for the period during which the cause, or the Parties' substantial inability to perform arising from the cause, persists.

10.3.    This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties; it is not subject to any condition not provided for herein. This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the Action. This Agreement shall not be modified in any respect except by a writing executed by both Parties.

10.4.    This Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein. The Parties agree that this Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

10.5.    The use of captions and headings in this Agreement is solely for convenience and shall have no legal effect.

10.6.    Except as otherwise provided in this Agreement, it is expressly agreed and stipulated that the U.S. District Court for the Northern District of Illinois, Eastern Division shall

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

have exclusive jurisdiction and authority to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any person, individually or derivatively, with respect to this Agreement.

10.7.   Except as otherwise provided in this Agreement, each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction and venue of the U.S. District Court for the Northern District of Illinois, Eastern Division, for any suit, action, proceeding, case, controversy, or dispute relating to this Agreement and agrees not to assert by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is in any way an improper venue or an inconvenient forum. Furthermore, the Parties shall jointly request the Court to include the provisions of this Section in the order finally approving this Agreement.

10.8.   This Agreement may be executed in counterparts, each of which shall constitute an original. Facsimile signatures shall be considered valid signatures as of the date thereof, although the original signature pages shall thereafter be appended to this Agreement.

10.9.   The provisions of this Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of Plaintiffs, Settlement Class Members, Plaintiffs' Counsel and Cigna.

10.10.   This Agreement and all agreements, exhibits, and documents relating to this Agreement shall be construed under the laws of the State of Illinois, except that federal law shall apply to (i) fee applications made pursuant to this Agreement, and (ii) otherwise to the extent the federal law of the United States requires that federal law governs.

10.11.   The provisions of this Agreement are intended to be severable. Should any provision be found illegal, invalid or unenforceable by any court of competent jurisdiction for any

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

reason, it shall be severable from the remainder of this Agreement, and the remainder of this Agreement shall be unchanged and shall be read as if it did not contain the illegal invalid provision, except that if the release in ¶3 is deemed invalid then Cigna shall have the option to void the remainder of this Agreement.

10.12.   The Parties agree that this Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way, shall not be construed as an admission of liability or wrongdoing or breach of any duty on the part of Cigna. This Agreement shall not be admissible as evidence of any kind in any proceeding except an action to enforce the terms of the Agreement. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or proceeding shall be construed as, offered as, received as, used as or deemed to be evidence of any waiver of any applicable defense or protection by Cigna. The Parties agree that this Section ¶10.12 shall survive the termination of this Agreement.

10.13.   Except as required by the Parties in accordance with applicable law, rule, or regulation (e.g. securities law, rules, or regulations), to avoid contradictory, incomplete, or confusing information about the Settlement, the Parties agree to keep the Settlement and this Agreement confidential until it is filed with the Court. After filing with the Court, the Parties may only publicly comment on the Settlement as is necessary to effectuate the settlement, and in no event shall the Parties issue a written press release, statement to the media, or promotional material that references the existence or terms of the Agreement or the Action without written approval by the Parties in advance and, where desired by the other Party, by joint statement. Such approval shall not be unreasonably withheld. Any Party can post basic, public facts already contained in the Notice concerning the existence of the Settlement, including a link to the Settlement website as set

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

forth in ¶6.1 above, on its own website, can respond to inquiries initiated by the media, and in doing so may decline to comment, but otherwise shall only refer to the Notice and/or defer to the court file in this Action, but shall not provide any further comment. Except as noted herein and by mutual agreement of the Parties, the Notice shall constitute the only broad-based communication with Settlement Class Members regarding the Agreement prior to the Final Approval Hearing. Notwithstanding, Plaintiffs' Counsel can answer any inquiries initiated by Settlement Class Members and Plaintiffs' Counsel may communicate freely with Plaintiffs. Cigna's employees may answer any routine question raised by a Settlement Class Member concerning clinical services provided or claims payment. Cigna and their counsel shall direct any inquiries regarding the Settlement initiated by Settlement Class Members to Plaintiffs' Counsel or the Settlement Administrator. Nothing herein prohibits Plaintiffs' Counsel from providing accurate, already public information about the Settlement in connection with documents filed with courts related to Plaintiffs' Counsel's experience and qualifications, or, providing factual information in their biographies and CVs. For the avoidance of doubt, nothing in this Section shall be interpreted to restrict Settlement Class Counsel's ability to communicate with Settlement Class Members or perform their duties on behalf of the class.

10.14. By the signature affixed hereto, each Party acknowledges that it, he, or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases, and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution.

10.15. Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all requisite power and authority to enter into this Agreement and to

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

implement the transactions contemplated herein, and is duly authorized to execute this Agreement

on behalf of that Party.

      10.16. All notices to the Parties required under this Agreement (except for Notices

to the Settlement Class) shall be sent via email to counsel of record for the Parties.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed by their

duly authorized attorneys or agents on the dates set forth below.

Plaintiffs Andrew Hecht and Andrea Hecht

DATE: 09 / 30 / 2025

DATE: 09 / 30 / 2025

DATE: 09 / 27 / 2025
Matthew T. Peterson
CONSUMER LAW ADVOCATE, PLLC
230 E. Ohio St., Suite 410
Chicago, IL 60611
Telephone: (815) 999-9130
mtp@lawsforconsumers.com
ARDC# 6321290

DATE: 09 / 27 / 2025
Martin W. Jaszczuk
Margaret M. Schuchardt
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: (312) 442-0509
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com

*Attorneys for Plaintiffs*

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067

Defendant Cigna Health and Life Insurance Company

_____

Glenn Gerhard

DATE: 10/1/25

_____

DATE: 10/1/25

Joshua B. Simon
Warren Haskel
Richard W. Nicholson, Jr.
Cindy D. Ham
McDERMOTT WILL & SCHULTE LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
jsimon@mwe.com
whaskel@mwe.com
rnicholson@mwe.com
cham@mwe.com
Daniel R. Campbell
Emilie E. O'Toole
McDERMOTT WILL & SCHULTE LLP
444 West Lake Street
Chicago, IL 60606-0029
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
dcampbell@mwe.com
eotoole@mwe.com

_Attorneys for Cigna Health and Life Insurance Company_

Doc ID: 32932eb0b30399abe9f012b81114e5809fbfb067


| | |
|---|---|
| **Title** | Execution Copy   Hecht Final Settlement Agreement 9 26... |
| **File name** | Execution_Copy_-_...ent_9-26-2025.pdf |
| **Document ID** | 32932eb0b30399abe9f012b81114e5809fbfb067 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested on consumerlawadvocate.cliogrow.com and signed on consumerlawadvocate.cliogrow.com

## Document History

| | | |
|---|---|---|
| **SENT** | **09 / 27 / 2025**<br>16:23:54 UTC | Sent for signature to Andy Hecht (ahechtlaw@gmail.com),<br>Andrea Hechtt (andreahechtdesigns@gmail.com) and Martin<br>Jaszczuk (mjaszczuk@jaszczuk.com) from<br>mtp@lawsforconsumers.com<br>IP: 89.34.166.146 |
| **VIEWED** | **09 / 27 / 2025**<br>16:24:43 UTC | Viewed by Martin Jaszczuk (mjaszczuk@jaszczuk.com)<br>IP: 72.152.84.184 |
| **SIGNED** | **09 / 27 / 2025**<br>16:31:30 UTC | Signed by Martin Jaszczuk (mjaszczuk@jaszczuk.com)<br>IP: 76.136.40.76 |
| **VIEWED** | **09 / 30 / 2025**<br>19:41:35 UTC | Viewed by Andy Hecht (ahechtlaw@gmail.com)<br>IP: 104.28.104.17 |
| **SIGNED** | **09 / 30 / 2025**<br>19:43:31 UTC | Signed by Andy Hecht (ahechtlaw@gmail.com)<br>IP: 104.28.104.17 |
| | **09 / 30 / 2025**<br>19:43:53 UTC | Viewed by Andrea Hechtt (andreahechtdesigns@gmail.com)<br>IP: 76.136.255.38 |


| | |
|---|---|
| **Title** | Execution Copy   Hecht Final Settlement Agreement 9 26... |
| **File name** | Execution_Copy_-_...ent_9-26-2025.pdf |
| **Document ID** | 32932eb0b30399abe9f012b81114e5809fbfb067 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested on consumerlawadvocate.cliogrow.com and signed on consumerlawadvocate.cliogrow.com

## Document History

**VIEWED**

**SIGNED**  **09 / 30 / 2025**          Signed by Andrea Hechtt (andreahechtdesigns@gmail.com)
19:44:28 UTC          IP: 76.136.255.38

**COMPLETED**  **09 / 30 / 2025**          The document has been completed.
19:44:28 UTC

# EXHIBIT A

## Claimant Information

**PROVIDE YOUR CONTACT INFORMATION:**

Name: _____ Phone: (____) _____

Address: _____

City: _____ State: _____ Zip Code _____

Phone number: (____) _____

Email Address: _____

Cigna Member ID #: _____

Cigna Claim ID # _____

## Balance Bill Information and Documentation

To obtain a payment from the settlement, you must provide proof of a balance bill for the claim with the unique claim ID you received in the letter accompanying your notice form. Please note that a balance bill is a bill for the difference between the provider's billed charge and the allowed amount determined by Cigna. This bill would be different than your copayments, coinsurance, and deductible payments. If your provider honored the in-network treatment of the claim, you should **NOT** have received a balance bill.

You can do this in one of two ways.

1. You can provide proof of payment of a balance bill, including any interest, penalties, or debt collection fees incurred in connection with the balance bill to the extent you have incurred and seek to recover interest charges, debt collection fees, or penalties directly related to a balance bill; or

2. If you have not yet paid the balance bill, you can submit a signed affirmation that the you will use the settlement payment solely to satisfy the balance bill, including any applicable interest, penalties, or debt collection fees, by paying either (i) the healthcare provider or (ii) a debt collector or assignee who holds the balance bill, and you agree to hold Cigna harmless for all liability arising from non-payment of the balance bill, including interest, debt collection fees, and penalties.

Please mail or email this information to the Settlement Administrator at the below addresses:

Hecht Class Action, Class Action
Attn: Claim Forms
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

## CERTIFICATION UNDER PENALTY OF PERJURY FOR ALL CLAIMANTS

**I hereby certify under penalty of perjury that**:

1. I have read the Settlement Agreement and agree to its terms, including the Release(s);

2. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information, and belief;

3. The additional documentation information provided to the Settlement Administrator to support my Claim is original or else a complete and true copy of the original(s);

4. I am a member of the Settlement Class and did not request to Opt-Out from the Settlement Class·

5. I have not already entered into a Settlement for any of the Claims set forth in this Claim Form;

6. I am neither (a) an officer or director of Cigna; (b) a judicial officer to whom this case is assigned or any member of their staffs and immediate families; (c) an heir, assign, or successor of any of the persons or entities described in parts (a) and (b); nor (d) an individual who has opted-out of the Settlement.

7.

8. I have not submitted any other Claim for the same balance bill and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;

9. I will timely provide any additional information requested by the Settlement Administrator to validate my Claim;

10. I understand that by submitting this Claim Form, the effect is the same as if I have given a complete Release of all settled Claims; and

11. I understand that Claims will be audited for veracity, accuracy, and fraud. Claims Forms that are not valid and/or illegible can be rejected.

Signature: _____ Dated: _____

**CERTIFICATION UNDER PENALTY OF PERJURY FOR CLAIMANTS WHO DID NOT PAY THEIR BALANCE BILL BUT WILL USE THE SETTLEMENT FUNDS TO PAY IT.**

**I hereby certify under penalty of perjury that**:

1. I have received a balance bill from my provider for the Cigna claim ID identified in my claim form;

2. I have not paid my provider for that balance bill for this claim;

3. When I receive compensation from for the settlement, I will use those funds to pay the provider, debt collector, or assignee for the balance bill;

4. To the fullest extent permitted by law, I shall indemnify, defend, and hold Cigna harmless from and against any and all claims, damages, losses and expenses, including but not limited to court costs, attorney's fees and alternative dispute resolution costs, resulting from any failure to use the funds provided by the settlement to compensate my provider, debt collector or assignee for the balance bill.

Signature: _____ Dated: _____

# EXHIBIT B

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Cigna Health and Life Insurance Company, )<br><br>Defendant. ) | Case No. 1:24-cv-05926<br><br>Hon. Manish S. Shah |

This notice is to inform you about rights you have regarding a proposed Class Action Settlement related to your LocalPlus health benefits plan administered by Cigna Health and Life Insurance Company ("Cigna").

You are receiving this Notice because you have been identified through Cigna's business records as a member of the proposed Settlement Class in a lawsuit filed against Cigna. The Settlement Class includes the following people:

> All persons covered by health benefits pursuant to a LocalPlus Plan for which Cigna provided administrative services and who underwent treatment and received an Explanation of Benefits from Cigna indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

> The following are excluded from the Settlement Class: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in parts (1) and (2) of this paragraph; and (4) anyone who timely opts-out of the Settlement pursuant to ¶ 6.1 of the Settlement.

**LITIGATION SUMMARY:** Plaintiffs Andrew Hecht and Andrea Hecht filed a putative class action lawsuit in the United States District Court for the Northern District of Illinois alleging that Cigna violated the Employee Retirement Income Security Act of 1974 § 502(a)(3) ("ERISA") when it breached its fiduciary duties by miscoding LocalPlus claims as in-network when they were really out-of-network.

Plaintiffs and Cigna have agreed to settle these claims in a Class Action Settlement in exchange for the monetary and injunctive relief benefits set forth in the Settlement. All Settlement Class members will release Cigna from all liability arising from the claims in the lawsuit involving the miscoding of out-of-network claims as in-network under the LocalPlus Plan.

If you are receiving this Notice at least one of your claims was affected, but that does not mean all of your claims were affected. **Only a small number of claims were affected**. You will be receiving a letter that identifies the Cigna Claim ID for the claims that were affected by the error.

**CONSTRUCTIVE COMMON FUND**

As part of the Settlement Agreement, Cigna has agreed to create a Constructive Common Fund, consisting of monetary benefits, non-monetary benefits, class representative incentive awards, and attorneys fees and costs.

**MONETARY BENEFITS:** Cigna will create a $300,000 fund to compensate Class Members who received a bill from their medical provider for the difference between the provider's billed charge and the allowed amount determined by Cigna even though Cigna categorized the treatment as in-network (which is referred to as a "balance bill"). This bill would be different than your copayments, coinsurance, and deductible payments. If your provider honored the in-network treatment of the claim, you should **NOT** have received a balance bill. To receive compensation, a Class Member must submit a valid claim form indicating that he or she received a balance bill. Cigna will make available a total of $300,000 to satisfy approved claims for balance bill liability. If the aggregate value of valid claims exceeds $300,000, each eligible Class Member will receive a pro rata share of the $300,000 fund, rather than the full amount of their balance bill liability.

**NON-MONETARY BENEFITS:** Cigna has agreed not to reprocess past claims that were mistakenly treated as in-network such that those claims will not be converted to out-of-network status, which is how the claims should have been adjudicated originally. Without this protection, Class Members could have been held responsible for up to $4,642,152.03 in balance bill charges. This agreement ensures that Class Members will not face those additional liabilities. Class Members do **NOT** need to submit a claim form to receive this protection as it will be afforded to all class members.

**PARTICIPATING IN CLASS AND SETTLEMENT:** In order to receive the Monetary Benefits of this Settlement, Class members must submit a valid claim form. If and when the Settlement is approved, the monetary payment (calculation described above) will be mailed to you at the same address as this Notice. If you are moving within the next 90 days, you can provide your new mailing address to: Hecht Class Action, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

All Settlement Class members who do not exercise their right to exclude themselves from the Settlement Class in the manner set forth below will release Cigna from any and all claims arising out of the causes of action advanced in the class action complaint, including but not limited to claims related to balance billing resulting from the miscoded claims.

**ATTORNEYS' FEES:** As part of the constructive common fund, Cigna has agreed to pay Class Counsel's attorneys' fees and litigation costs. The attorneys' fees and costs are not coming out of any payments to Settlement Class members and are being paid as part of the constructive common fund. Class Counsel will seek $750,000 for attorneys fees and costs. The Settlement Class members do not need to pay Class Counsel. If you wish to hire your own attorney to object for you in this matter, or to represent you personally, you may do so at your own expense.

**OPTING OUT OF CLASS AND SETTLEMENT:** If you wish to be excluded from the Settlement Class, and receive **no settlement benefits**, you must send a written Request for Exclusion to Hecht Class Action, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102, no later than INSERT DATE. Opt-Out Requests for Exclusion must: (i) be timely submitted by the Opt- Out/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the Cigna ERISA Settlement, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person may exclude any other person from the Settlement Class.

Requesting exclusion from the class removes your ability to receive the benefits of the settlement set forth above, but doing so preserves any claims you may have against Cigna.

**OBJECTING TO THE SETTLEMENT:** As a Settlement Class Member, you may appear at the Final Fairness Hearing to be heard in opposition to the fairness of the settlement, provided that you send a written Notice of Objection to the Settlement to Hecht Class Action, Attn: Objections, P.O. Box 58220, Philadelphia, PA 19102; Class Counsel, Matthew T. Peterson of Consumer Law Advocate, PLLC, 1000 Brickell Ave, Suite 715, Miami, FL 33131 and Martin Jaszczuk and Margaret Schuchardt of Jaszczuk P.C., 311 South Wacker Drive, Suite 2150, Chicago, IL 60606; and Defense Counsel, Richard Nicholson, McDermott Will & Schulte, One Vanderbilt Avenue, New York, NY 10017. Your written objection must include: (1) your full name and current address and telephone number; (2) your Cigna ID number; (3) a detailed statement of each objection asserted; (4) the grounds for each objection; (5) all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether you intend to appear at the Final Approval Hearing; (7) a list of witnesses you intend to call if you intend to appear at the Final Approval Hearing; and (8) your signature and the signature of any attorney representing you. In addition, you must provide a detailed list of any other objections submitted by you, or your counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years; if neither you nor your counsel have made any such prior objection, you must affirmatively so state in the written materials provided with the objection. OBJECTIONS MUST BE RECEIVED NO LATER THAN INSERT DATE)

**FINAL APPROVAL HEARING:** The Court will hold a Final Fairness Hearing on INSERT DATE before the Honorable Manish S. Shah, to determine whether the proposed settlement is fair, reasonable and adequate. YOU ARE NOT REQUIRED TO ATTEND BUT YOU MAY DO SO IF YOU WISH.

**ADDITIONAL INFORMATION:** The full Settlement Agreement, the Complaint, and other important documents are available on the Settlement Website, [<mark>WEB ADDRESS</mark>]. You may also view all case filings through the Court's electronic docket system (PACER) at https://pacer.uscourts.gov, under *Hecht v. Cigna Health and Life Insurance Co.,* Case No. 1:24-cv-05926, United States District Court for the Northern District of Illinois.

This Notice has been Approved and Ordered by:
Honorable Manish S. Shah

# EXHIBIT C

<First Name> <Last Name>                              Notice ID:        <Notice ID>
<Street Address>                                       Confirmation Code: <Conf Code>
<City>  <State>  <Zip Code>

## <u>NOTICE OF PROSED CLASS ACTION SETTLEMENT</u>

Andrew Hecht and Andrea Hecht v. Cigna Health and Life Insurance Company
Case No. 1:24-cv-05926 (N.D. Ill.)

**If you were covered by health benefits pursuant a LocalPlus Plan for which Cigna provided administrative services, you may be entitled to benefits under a class action lawsuit.**

You have been identified as a member of the proposed Settlement Class in the above-referenced lawsuit filed against Cigna. Included with this letter is a Notice containing additional information about the proposed Settlement and a claim form that you may complete and return if you want to receive compensation from the Settlement. You may also submit a claim online at www.CignaLocalPlusSettlement.com using the Notice ID and Confirmation Code located at the top of this letter.

As explained in the Notice, below are the Cigna Claim ID(s) for the claims that were affected and included in this proposed Settlement:

<Claim ID>                      <Claim ID>                      <Claim ID>
<Claim ID>                      <Claim ID>                      <Claim ID>
<Claim ID>                      <Claim ID>                      <Claim ID>
<Claim ID>                      <Claim ID>                      <Claim ID>

Please read the enclosed notice carefully as only certain claims may be entitled to additional compensation. For additional information, please visit www.CignaLocalPlusSettlement.com, call toll-free 1-XXX-XXX-XXXX, or scan the QR code below:

(placeholder
for QR code)

Sincerely,

Cigna ERISA Settlement
Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email Address

# EXHIBIT D

# Andrew Hecht and Andrea Hecht v. Cigna Health and Life Insurance Company
## Northern District of Illinois, Eastern Division
## Case No. 1:24-cv-05926

**If you were covered by health benefits pursuant a LocalPlus Plan for which Cigna provided administrative services, you may be entitled to benefits under a class action lawsuit.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will create a Constructive Common Fund to fully settle and release claims of the following individuals:**

  All persons covered by health benefits pursuant to a LocalPlus Plan for which Cigna provided administrative services and who underwent treatment and received an Explanation of Benefits from Cigna indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

  The following are excluded from the Settlement Class: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in parts (1) and (2) of this paragraph; and (4) anyone who timely opts-out of the Settlement pursuant to ¶ 6.1 of the Settlement.

- **Cigna denies Plaintiffs' allegations and denies any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiffs' claims or Cigna's defenses. By entering into the settlement, Cigna has not conceded the truth or validity of any of the claims against it.**

- **If you are receiving this Notice at least one of your claims was affected, but that does not mean all of your claims were affected. <u>Only a small number of claims were affected</u>. You will be receiving a letter from the settlement administrator that identifies the Cigna claim ID number for the claims that are subject to the settlement.**

- **The Constructive Common Fund consists of $4,642,152.03 in injunctive relief benefits, $300,000 in claims made cash benefits, $20,000 in Class Representative Incentive Awards, and $750,000 in attorneys' fees and costs to the attorneys representing Plaintiffs and the Settlement Class ("Class Counsel"). Settlement Class Members who received a bill from their medical provider for the difference between the provider's billed charge and the allowed amount determined by Cigna even though Cigna categorized the treatment as in-network (which is referred to as a "balance bill") are entitled to submit a claim for monetary relief. This bill would be different than your copayments, coinsurance, and deductible payments. If your provider honored the in-network treatment of the claim, you should NOT have received a balance bill. To be eligible, a Class Member must timely file a valid Claim Form and provide proof of the balance bill. Cigna will make available a total of $300,000 to satisfy approved claims for balance bill liability. If the aggregate value of valid claims exceeds $300,000, each eligible Class Member will receive a pro rata share of the $300,000 fund, rather than**

the full amount of their balance bill liability.

- **Cigna has also agreed not to reprocess past claims that were mistakenly treated as in-network such that those claims are will not be converted to out-of-network status, which is how the claims should have been adjudicated originally. Without this protection, Class Members could have been held responsible for up to $4,642,152.03 in balance bill charges. This agreement ensures that Class Members will not face those additional liabilities. Class Members do NOT need to submit a claim form to receive this protection as it will be afforded to all class members.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| MAKE A CLAIM | To obtain money from the settlement you must make a claim. To make a claim, you must fully complete the Claim Form that was sent to you and mail it to the Settlement Administrator postmarked by [DATE], or submit an online claim form at www.CignaLocalPlusSettlement.com by XXX. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Cigna or other released parties related to a released claim. The deadline for excluding yourself is XXX. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is XXX. |
| DO NOTHING | If you do nothing, you will not receive a payment from the settlement but you will give up your rights to sue Cigna or any other released parties related to a released claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document that includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than XXX. |

- These rights and options-and the deadlines to exercise them-are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Monetary Benefits will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Andrew Hecht and Andrea Hecht v. Cigna Health & Life Ins. Co.,* Case No. 1:24-cv-05926, which was filed in the United States District Court for the Northern District of Illinois, Eastern Division. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What does it mean if I received an email or postcard about this settlement?

If you received a letter describing this settlement, it is because Cigna's records indicate that you may be a member of the Settlement Class. The members of the Settlement Class include:

> All persons covered by health benefits pursuant to a LocalPlus Plan for which Cigna provided administrative services and who underwent treatment and received an Explanation of Benefits from Cigna indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

The following are excluded from the Settlement Class: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in parts (1) and (2) of this paragraph; and (4) anyone who timely opts-out of the Settlement pursuant to ¶ 6.1 of the Settlement.

### 3. What is this class action lawsuit about?

In a class action, a person called a Class Representative (here, Plaintiffs Andrew Hecht and Andrea Hecht) sues on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiffs claim Cigna violated the Employee Retirement Income Security Act of 1974 § 502(a)(3) ("ERISA") when it breached its fiduciary duty by miscoding claims as in-network when those claims were really out-of-network. The Court has conditionally certified a class action for settlement purposes only. The Honorable Manish S. Shah is in charge of this action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Cigna. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation as set forth above and in the Settlement Agreement. Plaintiffs and Class Counsel think the settlement is best for all persons in the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**

**5. How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> All persons covered by health benefits pursuant to a LocalPlus Plan for which Cigna provided administrative services and who underwent treatment and received an Explanation of Benefits from Cigna indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of-Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

A "Settlement Class Member" is any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.CignaLocalPlussettlement.com, or you may write to the Settlement Administrator at Hecht Class Action, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 for more information.

**THE LAWYERS REPRESENTING YOU**

**6. Do I have lawyers in this case?**

The Court has appointed the law firms of Jaszczuk, P.C. and Consumer Law Advocate, PLLC as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of $750,000 from the constructive common fund, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $10,000 to each Plaintiff for their services as Class Representatives. The Court may award less than these amounts.

**THE SETTLEMENT BENEFITS- WHAT YOU GET**

**8. What does the settlement provide?**

**Constructive Common Fund.** A constructive common fund will be created, which will cover: (1) injunctive relief, pursuant to which Cigna will agree not to re-categorize as "out-of-network" claims that Cigna erroneously coded as "in-network," which is expected to save Class Members approximately $4,642,152.03; (2) cash payments to Settlement Class Members who submit valid claims, up to $300,000; (3) an award of attorneys' fees and expenses to Class Counsel, as approved by the Court, not to exceed $750,000; and (4) a service award of $10,000 to each of the Plaintiffs, Andrew Hecht and Andrea Hecht, if approved by the Court.

## 9. How much will my payment be?

A Class Member is eligible to receive a cash payment if they are able to submit sufficient proof that they received a balance bill. This bill would be different than your copayments, coinsurance, and deductible payments. If your provider honored the in-network treatment of the claim, you should **NOT** have received a balance bill. The amount any Class Member receives will depend on several factors, including how many people submit claims and the amount of each person's balance bill. If the total amount of valid claims is more than $300,000, the $300,000 fund will be divided pro rata among all Class Members who submit valid claims, meaning each person will receive a proportional share of the fund rather than the full amount of their balance bill.

## 10. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Cigna or other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the Settlement, you will agree to release Cigna and all other Released Parties, as defined in the Settlement Agreement, from any and all claims for damages that arise under ERISA related to Cigna's miscoding of healthcare providers' LocalPlus network status.

In summary, the Release includes any and all claims, whether known or unknown for damages under ERISA regarding Cigna's miscoding of claims as in-network when they were actually out-of-network.

If you have any questions about the Release or what it means, you can review the Settlement Agreement at www.CignaLocalPlusSettlement.com, speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## HOW TO OBTAIN A PAYMENT

## 11. How can I get a payment?

**To** obtain a payment from the settlement, you must make a claim. To make a claim, you must fully complete the Claim Form that was sent to you, providing the following information: (1) your name and mailing address; (2) your email address (unless you return the claim form by mail, in which case an email address is optional); (3) your Cigna ID number; (4) one of the following: (a) proof of payment of a balance bill, including any interest, penalties, or debt collection fees incurred in connection with the balance bill to the extent you have incurred and seek to recover interest charges, debt collection fees, or penalties directly related to a balance bill; or (b) if you have not yet paid the balance bill, a signed affirmation that the you will use the settlement payment solely to satisfy the balance bill, including any applicable interest, penalties, or debt collection fees, by paying either (i) the healthcare provider or (ii) a debt collector or assignee who holds the balance bill, and you agree to hold Cigna harmless for all liability arising from non-payment of the balance bill, including interest, debt collection fees, and penalties.

Claim Forms must be mailed to the Settlement Administrator at Hecht Class Action, ATTN: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 postmarked by XXX, or alternatively you may submit an online claim form and supporting documentation at www.CignaLocalPlussettlement.com by XX. If your claim is approved, a check will be mailed to you, along with a 1099 Form.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12. When would I receive a settlement payment?**

The Court will hold a hearing on XX to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Settlement Class Members will be informed of the progress of the settlement through information posted on the Settlement Website at www.CignaLocalPlussettlement.com. Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 13. How do I get out of the settlement?

If you want to keep the right to sue, or continue to sue Cigna or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Settlement Administrator at the address designated in the Notice no later than the Opt-Out/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Opt-Out/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the Cigna ERISA Settlement, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person may exclude any other person from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than XXX to the Settlement Administrator at Hecht Class Action, Exclusions, P.O. Box 58220, Philadelphia, PA 19102.**

## 14. If I do not exclude myself, can I still sue Cigna?

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Cigna or any Released Parties for the claims that this settlement resolves.

## 15. If I exclude myself, can I get a benefit from this settlement?

No. If you exclude yourself, you will not receive a settlement payment, you will not be entitled to benefit from Cigna's commitment not to reprocess claims, and you cannot object to the settlement.

# OBJECTING TO THE SETTLEMENT

## 16. How do I tell the Court that I do not think the settlement is fair?

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, or the award of any attorneys' fees and expenses, and/or any proposed service award.

To object, you must make your objection in writing, stating that you object to the Settlement. To be considered by the Court, you must personally sign the objection and provide the following information with it: (1) your full name and current address and telephone number (2) your Cigna

ID number; (3) a detailed statement of each objection asserted; (4) the grounds for each objection; (5) all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether you intend to appear at the Final Approval Hearing; (7) a list of witnesses you intend to call; and (8) your signature and the signature of any attorney representing you. In addition, you must provide a detailed list of any other objections submitted by you, or your counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years; if neither you nor your counsel have made any such prior objection, you must affirmatively so state in the written materials provided with the objection.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than XXXX**

<u>To the Class:</u>

Matthew Peterson
Consumer Law Advocate, PLLC
680 N. Lake Shore Dr., Suite 110
Chicago, IL 60611
Tel: (815) 999-9130
rntp@lawsforconsurners.corn

Martin W. Jaszczuk
Margaret M. Schuchardt
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, Illinois 60606
Tel: (312) 442-0509
rnjaszczuk@jaszczuk.corn
rnschuchardt@jaszczuk.com

<u>To the Defendant</u>

Richard Nicholson
McDermott Will & Schulte
One Vanderbilt Avenue,
New York, NY 10017
rnicholson@mwe.com

## 17. What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### IF YOU DO NOTHING

## 18. What happens if I do nothing at all?

If you do nothing, you will not receive a payment from the settlement but you will be entitled to benefit from Cigna's commitment not to reprocess impacted claims from in-network to out-of-network. You will also give up your rights to sue Cigna or any other released parties in connection with a released claim. For information relating to what rights you are giving up, see Question 10.

### THE FINAL APPROVAL HEARING

## 19. When and where will the Court decide whether to approve the settlement?

The Court will hold a final approval hearing on XXX at XXX before the Honorable Manish S. Shah or via remote means as instructed by the Court. Instructions for participating remotely will be posted on the Settlement Website. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiffs.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

## 20. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

## 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than XXX. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

## 22. How do I get more information?

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.CignaLocalPlussettlement.com, or you can write to the address below. You can also call Class Counsel with any questions at (815) 999-9130 or (312) 442-0509.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, CIGNA, OR CIGNA'S COUNSEL ABOUT THE SETTLEMENT.**

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew Hecht and Andrea Hecht, *individually and* | ) | |
| *on behalf of all others similarly situated*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:24-cv-05926 |
| | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | |
| Cigna Health and Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by Andrew Hecht and Andrea Hecht ("Plaintiffs"), individually and on behalf of all others similarly situated, against Defendant Cigna Health and Life Insurance Company ("Cigna"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and the arguments of counsel,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) the

1

proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Federal Rule of Civil Procedure 23, and for purposes of this Settlement only, certifies the following Settlement Class:

> All persons covered by health benefits pursuant to a LocalPlus Plan for which Defendant provided administrative services and who underwent treatment and received an Explanation of Benefits from Defendant indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of- Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

4. In connection with granting class certification, the Court makes the following preliminary findings:

(a) The Settlement Class includes approximately 1,460 members, and thus the class is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining (1) whether Cigna was a plan fiduciary with respect to the Plan; (2) whether Cigna breached its fiduciary duties by failing to ensure provider network accuracy with respect to the Plan; (3) whether that breach caused injury to the class (*e.g.*, improper balance billing); and (4) the forms of equitable relief that can redress the harm.

(c) Plaintiffs and their counsel are adequate to represent the Class. Plaintiffs appear to have the same interests as the Settlement Class, they do not have any apparent conflict of interest with the Settlement Class, and their attorneys have extensive experience litigating class action cases; and

(d) Certification of the Settlement Class is an appropriate method for fairly and

efficiently resolving the claims of the Settlement Class.

5.    Class Representatives. The Court appoints Plaintiff Andrew Hecht and Plaintiff Andrea Hecht as the representatives of the Settlement Class.

6.    Class Counsel.  The Court appoints Martin Jaszczuk and Margaret M. Schuchardt of Jaszczuk P.C. and Matthew T. Peterson of Consumer Law Advocate, PLLC as Class Counsel.

7.    Settlement Claims Administrator.

Angeion is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

8.    Class Notice. The Class Administrator shall provide Notice via First Class Mail and Email in accordance with the Agreement.

9.    Opt-Outs and Objections.  Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

10.    Claims Administrator to Maintain Records. The Claims Administrator shall maintain copies of all claims made and objections and opt-outs received. The Claims Administrator shall provide copies of all claims, objections and opt-outs to the parties upon request.

11.    Objections to the Settlement.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: must include (1) the full name and current address and telephone number of the Settlement Class Member; (2) their Cigna ID number; (3) a detailed statement of

each objection asserted; (4) the grounds for each objection; (5) all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; (7) a list of witnesses the Settlement Class Member intends to call; and (8) the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member. In addition, any Settlement Class Member objecting to the settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection. The objection must be filed with the Court and sent to Plaintiffs' and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

12. <u>Appearing at Final Approval Hearing</u>. An objecting Settlement Class Member does not need to appear at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

13. <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

14. <u>Final Approval Hearing</u>. At the date and time provided below, or at such other

4

date and time the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiffs, should be granted, and in what amounts. The hearing shall be held at 219 S. Dearborn Street, Chicago IL, 60604, Courtroom 1919, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

15. <u>Release of Claims</u>. Final approval of the Agreement will settle and resolve with finality, on behalf of the Plaintiff and the Settlement Class, the Action and the Released Claims against the Released Parties in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. <u>Stay of All Related Litigation</u>. All Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any released claims in any judicial, administrative, arbitral, or other forum, against

any of the released parties. Such injunction will remain in force until the final approval order is entered or until such time as the parties provide notice that the settlement has been terminated. This injunction is necessary to protect and effectuate the agreement, this preliminary approval order, and the court's flexibility and authority to effectuate the agreement and to enter judgment when appropriate and is ordered in aid of this court's jurisdiction and to protect its judgments. This stay and injunction does not apply to any person who opts out of the settlement.

17. <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| Event | Date |
|---|---|
| Settlement Notice Date | 30 days after issuance of Preliminary Approval |
| Last day for Plaintiffs and Class Counsel to file motion for attorneys' fees, expenses, and service awards | 14 days before the Opt-Out/Objection Deadline |
| Opt-Out Deadline/Objection Deadline | 60 days after Settlement Notice Date |
| Last day for Settlement Class Members to file Claims Forms (excluding time set forth in the Settlement to correct errors or omissions) | 60 days after Settlement Notice Date |
| Last day for Parties to file any motions for final approval, including any responses to objections | 14 days before Final Approval Hearing |
| Final Approval Hearing | No earlier than 120 days after the Settlement Notice Date, or as soon thereafter as practicable |

**IT IS SO ORDERED.**

Dated:_____          _____
                                       Hon. Manish S. Shah

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew Hecht and Andrea Hecht, *individually and* *on behalf of all others similarly situated,* | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-cv-05926 |
| v. | ) ) | Hon. Manish S. Shah |
| Cigna Health and Life Insurance Company, | ) ) | |
| Defendant. | ) ) ) | |

## [PROPOSED] FINAL JUDGMENT AND ORDER

The Court having held a final approval hearing on xxx 2025, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class, (3) approving the notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order are also incorporated by reference into this Final Approval Order.

2.      This Court has subject matter jurisdiction, and personal jurisdiction over Cigna Health and Life Insurance Company ("Cigna") and the Settlement Class Members subject to the Court's Preliminary Approval Order who did not timely request exclusion.

3.      The Court hereby finds that the Agreement is the product of arm's length

settlement negotiations between Plaintiffs and Cigna.

4.  The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's Preliminary Approval Order, was the best notice practicable under the circumstances, and satisfied Rule 23 and due process.

5.  The Court hereby finds Defendant has complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, et seq. Defendant, through the Settlement Administrator, timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to appropriate state and federal officials under the Class Action Fairness Act. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendant has complied in all respects with the requirements of 28 U.S.C. §1715.

6.  [There were no objections to the Agreement. **OR** For the reasons stated on the record, as well as the reasons set forth in Plaintiffs' and Cigna's submissions, the Court overrules all objections to the Agreement.]

7.  The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8.  The Court hereby approves the distribution of Settlement funds. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9.  As of the Effective Date, the Plaintiffs and every Settlement Class Member hereby release all Released Parties from the Released Claims, as stated in the Agreement.

10.  This Final Approval Order will settle and resolve with finality, on behalf of Plaintiffs and the Settlement Class, the Action and the Released Claims against the Released

Parties by Plaintiffs and other Settlement Class Members in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Class Counsel has moved for an award of attorneys' fees and reimbursement of expenses. In approving this request, this Court makes the following findings of fact and conclusions of law:

(a)     The Settlement confers substantial benefits on the members of the Settlement Class;

(b)     The value conferred on the Settlement Class is immediate and readily quantifiable, in that Defendant has committed not to reprocess impacted claims from in-network to out-of-network and members of the Settlement Class who made claims related to the receipt of balance bills will receive cash payments;

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     The Settlement was a direct result of Class Counsel's advocacy;

(e) The Settlement was reached following extensive negotiations between Class Counsel and Counsel for Cigna, supervised by a well-qualified mediator, the Honorable James Holderman (Ret.), and was negotiated in good faith and without collusion;

(f) Members of the Settlement Class were advised in the Notice approved by this Court that Class Counsel intended to apply for an award of attorneys' fees equal to $750,000.00, to be paid out of the constructive common fund;

(g) A copy of Plaintiffs' motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

(h) _____ member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses;

(i) Class Counsel are hereby awarded $_____ for attorney fees and expenses from the constructive common fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel in accordance with the terms of the Settlement;

(j) The Class Representatives, Andrew Hecht and Andrea Hecht, are hereby compensated in the amount of $10,000 each for their efforts in this case and shall be paid in accordance with the terms of the Settlement;

(k) This Court hereby dismisses this case with prejudice, except that the Court retains jurisdiction to supervise the administration of the Settlement, enforce the Agreement, and resolve any disputes relating to the same.

IT IS SO ORDERED, ADJUDGED AND DECREED

Dated:_____

_____
Honorable Manish S. Shah

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*, ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:24-cv-05926 |
| v. ) ) | Hon. Manish S. Shah |
| Cigna Health and Life Insurance Company, ) ) | |
| Defendant. ) ) | |

**DECLARATION OF MATTHEW PETERSON IN SUPPORT OF**
**PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Matthew Peterson, declare as follows:

1.      I am over 18 years old.  Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge and, if called upon, I could and would testify competently to the facts set forth in this declaration.

2.      I am the owner of Consumer Law Advocate, PLLC ("CLA"). My firm, referred to as Plaintiffs' Counsel or Class Counsel, represents Andrew Hecht and Andrea Hecht in this action (the "Action"). I am submitting this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Defendant Cigna Health and Life Insurance Company ("Cigna"). I have personal knowledge of these matters set forth below based on my active participation in all aspects of the prosecution and settlement of this litigation.

3.      CLA is a law firm that only litigates plaintiff side class actions in state and federal courts; particularly, class actions involving consumer protection and data privacy.

4.      CLA has been appointed class counsel in numerous class actions.

5.      The proposed Settlement was reached only after Class Counsel conducted an extensive factual investigation into the Defendant's alleged misconduct and thoroughly researched the law pertinent to Plaintiffs' and the Class's claims and the Defendant's defenses. In addition to pre-suit investigation, I served initial requests for production, requests for admission, and interrogatories concerning Plaintiffs' individual claims, and met and conferred with Cigna regarding their responses and document productions. Following the Court's partial denial of Cigna's Motion to Dismiss (Count II), I served another set of interrogatories and requests for production, concerning Rule 23 considerations, class size, and damages.

6.      The Settlement is the result of arm's length negotiations between experienced counsel, has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class, and falls within the range of reasonableness.

7.      Negotiations on Class Counsels' attorneys fees and Class Representative Service Awards were only commenced after the Parties agreed on the material terms in the Agreement.

8.      Each Class Representative has demonstrated commitment to this case by remaining actively informed about the litigation and by regularly providing me and my firm with information and assistance.

9.      The Class Representatives understand the importance and responsibilities of their role in this case. They have taken their obligations seriously and have participated meaningfully by overseeing and assisting with the pre-filing investigation, responding to discovery, and engaging in the settlement process.

10.     Accordingly, Class Counsel believes that the proposed Settlement is an excellent result for the Settlement Class and is appropriate for preliminary approval. *See In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) ("At the preliminary approval

stage . . . the purpose of the inquiry is only 'to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing,' 'not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards.'" (internal citations omitted); *Coleman v. Sentry Ins.*, No. 15-CV-1411-SMY-SCW, 2016 WL 6277593, at *2 (S.D. Ill. Oct. 27, 2016) (noting that at the preliminary stage the Court found that the settlement was "within the range of possible final approval").

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of October 2025, in Chicago, Illinois.

*/s/ Matthew Peterson*
Matthew Peterson

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-cv-05926 |
| v. | ) ) | Hon. Manish S. Shah |
| Cigna Health and Life Insurance Company, | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF MARTIN JASZCZUK IN SUPPORT OF**
**PLAINTIFFS' UNOPPOSED MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Martin Jaszczuk, declare as follows:

1.      I am over 18 years old.  Except as otherwise provided below, the facts set forth in this declaration are based upon my personal knowledge and, if called upon, I could and would testify competently to the facts set forth in this declaration.

2.      I am the CEO of Jaszczuk P.C. ("JPC").  My firm, referred to as Plaintiffs' Counsel or Class Counsel, represents Andrew Hecht and Andrea Hecht in this action (the "Action"). I am submitting this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Defendant Cigna Health and Life Insurance Company ("Cigna"). I have personal knowledge of these matters set forth below based on my active participation in all aspects of the prosecution and settlement of this litigation.

3.      JPC is a law firm that concentrates its practice on complex litigation, including class actions, in state and federal courts.

4.      JPC has both prosecuted and defended numerous class actions.

5. The proposed Settlement in this Action was reached only after Class Counsel conducted an extensive factual investigation into the Defendant's alleged misconduct and thoroughly researched the law pertinent to Plaintiffs' and the Class's claims and the Defendant's defenses.

6. The Settlement is the result of arm's length negotiations between experienced counsel, has no obvious deficiencies, does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class, and falls within the range of reasonableness.

7. Accordingly, Class Counsel believes that the proposed Settlement is an excellent result for the Settlement Class and is appropriate for preliminary approval. *See In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021) ("At the preliminary approval stage . . . the purpose of the inquiry is only 'to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing,' 'not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards.'") (internal citations omitted); *Coleman v. Sentry Ins.*, No. 15-CV-1411-SMY-SCW, 2016 WL 6277593, at *2 (S.D. Ill. Oct. 27, 2016) (noting that at the preliminary stage the Court found that the settlement was "within the range of possible final approval").

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of October 2025, in Chicago, Illinois.


*/s/ Martin Jaszczuk*
Martin Jaszczuk