IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andrew Hecht and Andrea Hecht, *individually and on behalf of all others similarly situated*, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:24-cv-05926 |
| v. | )<br>) Hon. Manish S. Shah |
| Cigna Health and Life Insurance Company, | )<br>) |
| Defendant. | )<br>) |

## ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by Andrew Hecht and Andrea Hecht ("Plaintiffs"), individually and on behalf of all others similarly situated, against Defendant Cigna Health and Life Insurance Company ("Cigna"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and the arguments of counsel,

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms.</u> Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Preliminary Approval of Proposed Agreement.</u> The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and

1

(c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only.</u> The Court, pursuant to Federal Rule of Civil Procedure 23, and for purposes of this Settlement only, certifies the following Settlement Class:

> All persons covered by health benefits pursuant to a LocalPlus Plan for which Defendant provided administrative services and who underwent treatment and received an Explanation of Benefits from Defendant indicating that the treating healthcare provider was In-Network when the provider was in fact Out-of- Network because of a mistake in how their LocalPlus Plan's benefits were configured in Cigna's benefits system.

4. In connection with granting class certification, the Court makes the following preliminary findings:

(a) The Settlement Class includes approximately 1,460 members, and thus the class is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining (1) whether Cigna was a plan fiduciary with respect to the Plan; (2) whether Cigna breached its fiduciary duties by failing to ensure provider network accuracy with respect to the Plan; (3) whether that breach caused injury to the class (e.g., improper balance billing); and (4) the forms of equitable relief that can redress the harm.

(c) Plaintiffs and their counsel are adequate to represent the Class. Plaintiffs appear to have the same interests as the Settlement Class, they do not have any apparent conflict of interest with the Settlement Class, and their attorneys have extensive experience litigating class action cases; and

(d) Certification of the Settlement Class is an appropriate method for fairly and efficiently resolving the claims of the Settlement Class.

5. <u>Class Representatives.</u> The Court appoints Plaintiff Andrew Hecht and Plaintiff Andrea Hecht as the representatives of the Settlement Class.

6. <u>Class Counsel.</u> The Court appoints Martin Jaszczuk and Margaret M. Schuchardt of Jaszczuk P.C. and Matthew T. Peterson of Consumer Law Advocate, PLLC as Class Counsel.

7. <u>Settlement Claims Administrator.</u> Angeion is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

8. <u>Class Notice.</u> The Class Administrator shall provide Notice via First Class Mail and Email in accordance with the Agreement.

9. <u>Opt-Outs and Objections.</u> Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

10. <u>Claims Administrator to Maintain Records.</u> The Claims Administrator shall maintain copies of all claims made and objections and opt-outs received. The Claims Administrator shall provide copies of all claims, objections and opt-outs to the parties upon request.

11. <u>Objections to the Settlement.</u> Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order.

3

To be considered, the objection: must include (1) the full name and current address and telephone number of the Settlement Class Member; (2) their Cigna ID number; (3) a detailed statement of each objection asserted; (4) the grounds for each objection; (5) all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; (7) a list of witnesses the Settlement Class Member intends to call; and (8) the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member. In addition, any Settlement Class Member objecting to the settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Settlement Class Member or his or her counsel has not made any such prior objection, the Settlement Class Member shall affirmatively so state in the written materials provided with the objection. The objection must be filed with the Court and sent to Plaintiffs' and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

12. <u>Appearing at Final Approval Hearing.</u> An objecting Settlement Class Member does not need to appear at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

13. <u>Reasonable Procedures to Effectuate the Settlement.</u> Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the

Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

       14.      <u>Final Approval Hearing.</u> On March 24, 2026 at 11:00 a.m., this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiffs, should be granted, and in what amounts. The hearing shall be held at 219 S. Dearborn Street, Chicago IL, 60604, Courtroom 1919, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

       15.      <u>Release of Claims.</u> Final approval of the Agreement will settle and resolve with finality, on behalf of the Plaintiff and the Settlement Class, the Action and the Released Claims against the Released Parties in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. <u>Stay of All Related Litigation.</u> All Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any released claims in any judicial, administrative, arbitral, or other forum, against any of the released parties. Such injunction will remain in force until the final approval order is entered or until such time as the parties provide notice that the settlement has been terminated. This injunction is necessary to protect and effectuate the agreement, this preliminary approval order, and the court's flexibility and authority to effectuate the agreement and to enter judgment when appropriate and is ordered in aid of this court's jurisdiction and to protect its judgments. This stay and injunction does not apply to any person who opts out of the settlement.

17. <u>Schedule of Events.</u> Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| Event | Date |
|---|---|
| Settlement Notice Date | November 5, 2025 |
| Last day for Plaintiffs and Class Counsel to file motion for attorneys' fees, expenses, and service awards | December 22, 2025 |
| Opt-Out Deadline/Objection Deadline | January 5, 2026 |
| Last day for Settlement Class Members to file Claims Forms (excluding time set forth in the Settlement to correct errors or omissions) | January 5, 2026 |
| Last day for Parties to file any motions for final approval, including any responses to objections | March 10, 2026 |
| Final Approval Hearing | March 24, 2026 at 11:00 a.m. 219 S. Dearborn Street Chicago IL, 60604, Courtroom 1919 |

**IT IS SO ORDERED.**

Dated: October 10, 2025

Hon. Manish S. Shah